LOPEZ, AQUILINO, Associate Judge.
This is an appeal by Jack Dratch and Sally Dratch, his wife, Benjamin Dratch and Lillian Dratch, his wife, Argee Ranch, Ltd., and Philip J. Kozycki and Sally V. Kozycki, his wife, from final judgment below in eminent domain proceedings filed by Dade County, a political subdivision of the State of Florida for a limited access highway, commonly referred to as “The Palmetto Feeder Road”.
The defendants, Jack Dratch and Sally Dratch, his wife, and Benjamin Dratch and Lillian Dratch, his wife, hereinafter referred to as “Dratch” were the fee simple owners of parcel 110, one of the parcels of land involved in this condemnation suit. The defendant, Argee Ranch, Ltd., was the fee simple owner of parcel 225, another parcel of land involved in this condemnation suit. The defendants, Philip J.Kozycki and Sally V. Kozycki, his wife, had a lease and option to purchase from Mary Roto-lante parcel 78 and were in possession of same, which was another parcel of land involved in this condemnation suit.
This cause proceeded to trial which trial lasted for two weeks as there were numerous parcels of land, numerous defendants, and numerous lawyers representing said defendants. A jury award was made to defendants, including attorneys’ fees for the defendants’ attorneys. The verdict which included the above three parcels of land contained 90 parcels of land and was dated the 8th day of March, 1957. On the same date another verdict was returned by the same jury which contained 38 parcels of land on which there was no contest. Before the entry of final judgment the defendants “Dratch” moved the Circuit Court to enter a judgment for the defendants in parcel 110 in the minimum amount of $33,-000 notwithstanding the verdict of $23,000, and that the jury award for attorneys’ fees in the amount of $225 for said parcel be set aside and be substituted in an amount not less than 5% nor more than 10% of the jury’s award to the defendants on parcel 110. The said defendants “Dratch” also moved for a new trial alleging among other things that the award for attorney’s fees was erroneous and that the verdict was so erroneous as to raise the presumption that the jury never considered the evidence but acted with prejudice, and the verdict is so grossly erroneous as to constitute a taking of property without due process of law. A motion to amend judgment was also filed. The defendant, Argee Ranch, Ltd., also prior to final judgment filed a motion for a new trial alleging among other things that the verdict is grossly inadequate, is contrary to the evidence, and is violation of the Florida Constitution, F.S.A.Const. Declaration of *173 Rights, § 12 in that “the verdict was for the lowest appraised value as testified to by petitioner’s appraisers”, and “the allowance of attorney’s fees, in addition to the low verdict of the land, which was only $175 is not a reasonable attorney’s fee”, and, therefore, the verdict amounted to a denial of just compensation; the Court erred in allowing petitioner to prove default judgments prior to rendition of jury’s verdict; thus the Court erred in failing and refusing to grant defendant’s motion for a separate trial and/or motion for an order establishing the order of proof as to each cause of action. The defendants, “Kozycki”, also prior to final judgment filed a motion for a new trial alleging among other things that the Court erred in denying them a separate verdict as to their interest in parcel 78, and that the verdict was inadequate and that the jury did not consider all the evidence concerning attorneys’ fees.
On April 10, 1957 the Appellee and many of the defendants entered into a Stipulation which among other things provided that all motions for new trial, motions for judgment non obstante veredicto, and motions for amendment to verdict and all kindred motions attacking or criticizing the verdict rendered on March 8, 1957 were withdrawn and that each of said defendants waived appeal from judgment to be entered on verdict and that petitioner agreed that the attorneys’ fees in each1 parcel wherein the verdict had awarded less than 5% to the attorneys over and above the award to the defendants should be increased to 5%, and the final judgment should award the said attorneys a 5% attorneys’ fee excepting the award in parcels 228 and 275 which should be $100 per parcel in lieu of the figure named in verdict. The appellants in this cause did not sign said stipulation. Final judgment was then entered on April 10, 1957 and in and by said final judgment all motions were denied and the defendants “Dratch” and “Argee” only received the amount mentioned in the verdict. The defendant, Mary Rotolante, owner of the fee in parcel 78, signed the stipulation agreeing not to appeal and the attorney’s fees for her attorney and for the “Kozycki” attorneys was set at $182 in the final judgment, but the “Kozycki” did not sign the Stipulation.
Assignments of error were filed by the defendants “Dratch” alleging among other things that the Court erred in entering the final judgment bearing date the 10th day of April, 1957; that the Court erred in denying motion for new trial; motion non obstante veredicto, and motion to amend judgment; that the Court erred in failing to set aside the award for attorneys’ fees; that the Court erred in the conduct of the case in failing to give each property owner a separate trial; that the Court erred in not instructing the jury that the award for attorneys’ fees could not be any less than the customary charges for similar services as shown by testimony of expert witnesses; and that the Court erred in permitting petitioner to prove default judgments.
The assignment of errors filed by the defendant, “Argee Ranch, Ltd.”, are about the same as those filed by the defendant “Dratch”, and in addition thereto the said assignments objected to the court’s method and manner of conducting the trial by its various and sundry comments and observations in the presence of the jury as being prejudicial and as amounting to a denial of a fair and impartial trial.
The assignments of error filed by the defendants, “Kozycki”, alleged among other things that the Court erred in denying defendants’ motion for separate verdict in parcel 78 and motion for severance; and that the Court erred in entry of final judgment on April 10, 1957; and that the Court erred in denying defendants’ motion for new trial, and for rehearing on motion for new trial.
As to the appellants — “Dratch”—the two appraisers for the County testified that the value of the property taken was respectively $22,822 and $24,000 while both appraisers for the owners testified that the value *174 was $37,500. There was also testimony that the defendants had paid $33,000 on April 6, 1956 and that the Dade 'County engineer on December 12, 1956 had made an offer of $34,247. The defendants, “Dratch”, refused the offer and instead chose to go to trial. The verdict for them was $23,000 which was higher than the lowest County appraisal.
As to the appellants — “Argee Ranch, Ltd.” — the two appraisers for the County testified that the value of the property taken was respectively $13,250 and $13,395 while the two appraisers for the owners testified $34,500 and $50,000. The verdict was $13,500 which was higher than the County figures.
As to the sufficiency of the evidence to support the verdict for the defendants, “Dratch” and “Argee Ranch, Ltd.”, the jury has resolved the conflicts and we find adequate evidence to support the jury’s conclusion. There is no prejudicial error in that portion of the judgment relating to the value of the property taken and the defendants received a fair trial, so, therefore, the same must he affirmed as to the award for the value of parcels 110 and 225.
 As to the appellants — “Kozycki” —the fee simple title was in Mary Roto-lante, who has not filed an appeal, she, having signed a stipulation not to appeal, and judgment having been entered according to stipulation. The “Kozycki” were in possession under a lease with an option to buy which they did not exercise according to the terms of their agreement. They were not entitled to a separate trial as compensation must be awarded for the land that is taken regardless of the separate interests in the land. No prejudicial error has been shown in this case and the defendants, “Kozycki”, received a' fair trial and therefore the judgment must be affirmed as to the award for the property and for attorneys’ fees.
 As to the attorneys’ fees awarded to the attorneys for the defendants, “Dratch” and “Argee Ranch, Ltd.”, it is true that it is within the province of a jury to determine what is a reasonable attorney’s fee — as is stated in Baruch v. Giblen, 122 Fla. 59, 164 So. 831, at page 833:
“The rule is generally approved that while expert testimony is strongly persuasive as to the value of an attorney’s services it is not conclusive, neither is it binding on the court or the jury. Such evidence should be weighed with reference to the nature of the service, the time consumed in their performance, and other incidents peculiar to the case in which it was performed”.
It is also true that the court should not instruct the jury as to a definite amount to be awarded for attorneys’ fees unless it is stipulated between petitioner and defendants. Although neither the Federal Government nor forty-one of the states allow attorneys’ fees to defendant land owners and six other states allow them only in certain cases, Section 73.16, Fla.Stat., F.S.A. reads as follows:
“All costs of proceedings shall be paid by the petitioner, including a reasonable attorney’s fee to be assessed by the jury, except the costs upon the appeal taken by a defendant, in which the judgment of the circuit court shall be affirmed”. (Emphasis added.)
The attorneys’ fees should be reasonable and should neither be excessive nor grossly inadequate. In this case the attorneys’ fees awarded to the attorneys for defendants “Dratch”, and “Argee Ranch, Ltd.”, are not reasonable but are grossly inadequate. The ' final judgment entered in regard to said attorneys’ fees should therefore be reversed and a new trial granted thereon, so that a jury may award reasonable attorneys’ fees to the defendants, “Dratch” and “Argee Ranch, Ltd.”
The case therefore is affirmed in part and reversed in. part with directions for the *175 trial judge to proceed further in accordance with this opinion.
Affirmed in part and reversed in part.
CARROLL, CHAS., C. J., and HORTON, J., concur.