114 So.2d 490 (1959)
Kenneth Charles SARVIS, a minor, by and through his next friend and natural and legal guardian, Zemma Sarvis Flournoy, and Zemma Sarvis Flournoy, individually, Appellants,
v.
M.E. FOLSOM, Appellee.
No. B-41.
District Court of Appeal of Florida. First District.
September 10, 1959.
Turnbull & Hill and John Allison Rudd, Tallahassee, for appellants.
W.K. Whitfield and John K. Folsom, Tallahassee, for appellee.
STURGIS, Judge.
This is an appeal by Kenneth Charles Sarvis, a minor, and Zemma Sarvis Flournoy, his mother, successful plaintiffs below, from a final judgment of $400 for the minor, which is the amount of the jury verdict for him, and of $882.94 for the mother, which is $82.94 in excess of the amount awarded to her by the jury. The *491 suit was an action at law against appellee M.E. Folsom, defendant below, for damages alleged to result from an automobile accident in which the minor was injured.
Plaintiffs severally moved for a new trial on the issue of damages only. The trial court entered an order requiring the defendant to consent to an additur of $82.94 in favor of plaintiff Flournoy, failing which a new trial would be granted to her. Defendant complied and judgment was entered accordingly. The trial court unconditionally denied the motion of plaintiff Sarvis. Error is assigned to the action on these motions.
The order denying plaintiff Sarvis' motion recites:
"* * * his [Sarvis, the minor] element of damage was solely confined to pain and suffering, inconvenience and other elements comprehended within the broad term of pain and suffering. As this is a matter solely within the discretion of the jury, and the sum awarded is not clearly indicative of arbitrary or capricious action by the jury, their findings in this instance will not be disturbed."
We find no error in this phase of the order.
The origin of the power exercised by our trial courts to require the prevailing party under appropriate circumstances to consent to a remittitur as a condition to avoidance of a new trial is obscure and its legal foundation doubtful, but by long usage it has become engrafted into our system of jurisprudence. Except in rare and special circumstances not applicable to this appeal, as where an error of calculation occurs, we are without Florida precedent for the proposition that an additur may be imposed on the condition that unless the losing party consents thereto a new trial will be granted. Decisions elsewhere are in hopeless conflict.
The undisputed evidence reflects that plaintiff Flournoy suffered a minimum of $882.94 damages. It is not contended that a verdict in excess of that amount might not have been sustainable, nor does the limited record on appeal so indicate, hence we assume it was available. In reference to the verdict rendered for $800, the order in question recites:
"It does not appear to the Court that the jury was influenced by passion or prejudice or considerations other than the evidence, but that the failure to include some $82.94 logically could have been inadvertence or an oversight in computation. It appears as a matter of law that the plaintiff Flournoy was entitled to recover the sum of $882.94, if there was liability at all." (Emphasis supplied.)
It is implicit therefrom that the trial court concluded: (1) that the jury did not err in holding defendant Flournoy liable to respond for damages; (2), that the evidence established plaintiff's right to recover not less than $882.94; and (3), except for the expedient of the additur conditioned upon Flournoy's consent thereto, a new trial should and would have been awarded on the issue of damages only.
An excellent historical review is found in Dorsey v. Barba, Cal. App. 1951, 226 P.2d 677, 688, which followed the leading case of Dimick v. Schiedt, 293 U.S. 474, 55 S.Ct. 296, 79 L.Ed. 603, in holding that the trial court was without authority to impose an additur, and cited with approval, as we do, the following excerpt therefrom:
"The controlling distinction between the power of the court and that of the jury is that the former is the power to determine the law and the latter to determine the facts. In dealing with questions like the one now under consideration, that distinction must be borne steadily in mind. Where the verdict returned by a jury is palpably and grossly inadequate or excessive, it should not be permitted to stand; but, in that event, both parties remain entitled, as they were entitled in the first instance, to have a jury properly *492 determine the question of liability and the extent of the injury by an assessment of damages. Both are questions of fact. Where the verdict is excessive, the practice of substituting a remission of the excess for a new trial is not without plausible support in the view that what remains is included in the verdict along with the unlawful excess  in that sense that it has been found by the jury  and that the remittitur has the effect of merely lopping off an excrescence. But, where the verdict is too small, an increase by the court is a bald addition of something which in no sense can be said to be included in the verdict. When, therefore, the trial court here found that the damages awarded by the jury were so inadequate as to entitle plaintiff to a new trial, how can it be held, with any semblance of reason, that that court, with the consent of the defendant only, may, by assessing an additional amount of damages, bring the constitutional right of the plaintiff to a jury trial to an end in respect of a matter of fact which no jury has ever passed upon either explicitly or by implication? To so hold is obviously to compel the plaintiff to forego his constitutional right to the verdict of a jury and accept `an assessment partly made by a jury which has acted improperly, and partly by a tribunal which has no power to assess.'"
The California court then said:
"It seems clear to us that in a controverted and unliquidated law case it is fundamental that the jury within certain broad limits has the power to fix the amount of damages. The boundaries between what is excessive and what is inadequate are widely separated. There is a broad band, not a thin line, within which the determination of the jury is conclusive. * * * It is a jury and not a court function to pin point the damages within this wide range. Certainly, if the legislature should attempt to provide that it was a court function to fix the amount of damages in such cases in the first instance, no appellate court would sustain such legislation. If a trial judge instructed a jury in such a case to bring in a verdict in a fixed sum, the resulting judgment would be reversed. In a very real sense that is what was done here. Once the trial judge came to the conclusion that the jury verdicts were inadequate as a matter of law and fact, he was required to set those verdicts aside."
In practice, an additur would often produce an amount smaller than that which the plaintiff could have obtained by compromise settlement prior to trial. It is reasonable to assume that only by compulsion would the plaintiff agree to an additur amounting to less or only so much as he could have obtained prior to trial by compromise settlement, and that the defendant would in all likelihood refuse to consent if the additur produced a sum greater than an amount which the plaintiff was agreeable to accept in compromise settlement prior to trial. If both parties agree to an additur, there would be no cause for further litigation.
There is no stronger precept in the Florida Constitution than that which provides that "the right of trial by jury shall be secured to all and remain inviolate forever." Dec. of Rights, Sec. 3, F.S.A. A similar provision is found in the Constitution of the United States and that of most states, including California, from which jurisdiction we have cited authority in support of our conclusions. We hold, in line with what we consider to be the better rule and the weight of authority, that in actions at law involving controverted and unliquidated damages courts are without power to require a party to consent to an additur as a condition to refusal to grant a new trial. The attempted exercise of such power is not to be confused with the power of the trial court to correct obvious mathematical errors *493 of the jury when recognized as such by all parties to the litigation, e.g., where in a condemnation proceeding the jury verdict is for a stated amount per acre for a specified acreage and the total award reflects incorrect multiplication.
The judgment in favor of Kenneth Charles Sarvis is affirmed. The judgment in favor of Zemma Sarvis Flournoy is reversed with directions to grant a new trial on the issue of damages.
WIGGINTON, C.J., and CARROLL, DONALD K., J., concur.