115 So.2d 418 (1959)
Leon Allen FEKANY et al., Appellants,
v.
STATE ROAD DEPARTMENT of Florida, an Agency of the State of Florida, Appellee.
No. 1227.
District Court of Appeal of Florida. Second District.
November 4, 1959.
Kirkland & Hurt Associates and Sam E. Murrell & Sons, Orlando, for appellants.
Clyde G. Trammell, Jr., Tallahassee, for appellee.
ALLEN, Chief Judge.
The appellee, as plaintiff in the lower court, filed a petition for condemnation of defendants' property under Florida Statutes, Chapters 73 and 74, F.S.A. The defendants filed their answers admitting ownership and requested damages, attorneys' fees, and costs as provided by law. Trial was had before a jury which resulted in a verdict for Cortina for $8,000, plus attorney's fees of $250; a verdict for Rojek for $12,050, plus attorney's fees of $250; a verdict for Fekany for $11,150 plus attorney's fees of $250; and a verdict for *419 Wilder for $18,150 plus attorney's fees of $250.
Motions for new trial or judgment notwithstanding the verdict were made by the defendants on the basis that the attorneys' fees were grossly inadequate. These motions were denied by the lower court and this appeal is before this court solely on the question of the adequacy of the awards with respect to attorneys' fees.
The appellants introduced one witness during the trial on the issue of attorneys' fees. After being qualified as an expert witness, he testified on direct examination:
"Q. Mr. Whittaker, as not only a practicing attorney, but a member of the various bar associations and president of the local bar association, having done this type of work, are you familiar with the reasonable charges of attorneys for persons involved as defendants in eminent domain and condemnation proceedings? A. I am.
"Q. Based on your knowledge of these various matters, what would you say, and what is your opinion of a reasonable fee to be paid the defendants for services of their attorneys in representing them in this particular suit? A. In my opinion, a reasonable fee for such services would be a minimum fee in any case, regardless of the amount involved, of $100.00 and in addition thereto ten percent of the amount that was subsequently directed to be paid to the defendant property owner.
"Q. It is your opinion then that $100.00 plus ten percent of the verdict that the defendant gets would adequately compensate the defendants for the services of their attorneys? A. I believe that it would.
"Q. And that coupled with the hundred would be just compensation to be paid by the defendant to his attorney, in your opinion? A. It would."
On cross-examination the expert witness, Mr. Whittaker, stated:
"Q. Let me ask you this question, Mr. Whittaker. What in your opinion would be a reasonable fee to pay the property owner for his attorney in an eminent domain proceeding? A. I have already given that opinion and I understand what you are getting at and you can stop me if my answer is not responsive, but in my opinion the ten percent of the verdict awarded for the taking of a property owner's property would apply up to a figure of $15,000.00 and beyond that, in my opinion a reasonable fee would reduce that percentage fee to five percent of the balance over $15,000.00.
"Q. You are still of that opinion? A. I am."
This is the only evidence in the record before this court on the reasonableness of the attorneys' fees. There is neither testimony as to the number of hours spent by any of the attorneys in preparation for trial, nor is there any testimony or evidence as to the amount of work that any of the attorneys specifically performed. The expert testimony of Mr. Whittaker was couched in generalities in answering hypothetical questions concerning eminent domain and condemnation proceedings.
The Supreme Court held in Baruch v. Giblin, 122 Fla. 59, 164 So. 831, 833:
"The testimony of duly qualified witnesses given as expert opinion evidence is admissible, and may be offered in support of the issue as to the value of the services of an attorney, though such issues may be proven by other evidence and other circumstances affecting it. The rule is generally approved that while expert testimony is strongly persuasive as to the value of an attorney's services it is not conclusive, neither is it binding on the court or the jury. Such evidence should be *420 weighed with reference to the nature of the services, the time consumed in their performance, and other incidents peculiar to the case in which it was performed."
Numerous elements enter into the determination of the reasonableness of attorneys' fees. The jury can consider the service performed, the responsibility undertaken, the nature of the service, the degree of skill, the amount of time involved, and the importance and results of the litigation. Subjectively speaking, in estimating the value of an attorney's services, his skill, experience, professional reputation, and even his amount of business may be taken into consideration. Folmar v. Davis, Fla. App. 1959, 108 So.2d 772.
The testimony of an expert witness is to aid and assist in the determination of the issue, however, such testimony is neither conclusive nor binding on the court or the jury. Folmar v. Davis, supra, and see cases cited therein.
An issue similar to the issue in the instant case was before the Third District Court of Appeal in Dratch v. Dade County, Fla. App. 1958, 105 So.2d 171. In discussing reasonableness of attorneys' fees in a proceeding pursuant to Section 73.16, Fla. Stat., F.S.A., the court cited Baruch v. Giblin, supra, and then held that it is within the province of the jury to determine what is a reasonable fee. The court further stated that the trial court should not instruct the jury as to a definite amount to be awarded for attorneys' fees unless it is so stipulated between the parties.
Although the court in the Dratch case held a jury award of $225 as an attorney fee on a $23,000 verdict and a $175 attorney fee on a $13,500 verdict inadequate, we think the case is clearly distinguishable from the instant case. The trial of the Dratch case lasted for two weeks and involved one group of 90 parcels of land and another group of 38 parcels of land. The defendants and petitioner had stipulated as to many of the parcels that the attorneys' fees in each parcel wherein the verdict had awarded less than 5% to the attorneys over and above the award to the defendants should be increased to 5%, but the appellants in the Dratch case did not sign this stipulation. Whereas in the instant case the trial lasted only two days, no stipulations regarding attorneys' fees were made, the defendants received the same award as the amount of petitioner's appraisal, and, we again emphasize, there was no evidence at all of the amount of labor performed by the attorneys for the property owners. We cannot tell from the court's opinion in the case of Dratch v. Dade County, supra, whether or not there was in the record any evidence of the time consumed, questions involved, etc., or other evidence except expert opinion on reasonable value of attorneys' fees based on the amount recovered alone.
The Third District Court of Appeal more recently again ruled on this issue in Romy v. Dade County, Fla.App. 1959, 114 So.2d 8, 9. An eminent domain proceeding had been brought and at the close of the case the trial judge had directed a verdict for attorneys' fees equal to 10 percent of amounts awarded to the landowners. In reversing on the ground that to give such an instruction in the absence of a stipulation thereto is error, the court stated:
"This court previously has followed and applied the rule that in the determination of the value of an attorney's services, testimony of qualified experts, though strongly persuasive, is not binding on a court or jury but is to be weighed with other evidence and factors appearing in the case and bearing upon the value of such services. Folmar v. Davis, Fla.App. 1959, 108 So.2d 772. See, also, Baruch v. Giblin, 122 Fla. 59, 164 So. 831.
"The rule thus enunciated was applied by this court in the case of Dratch v. Dade County, Fla.App. 1958, 105 So.2d 171, 174, and we hold here, *421 as was held in the Dratch case, that in the trial of an eminent domain case `the court should not instruct the jury as to a definite amount to be awarded for attorneys' fees unless it is stipulated between petitioner and defendants.'"
We note in passing that the hypothetical questions propounded to Mr. Whittaker were not supported by any testimony or fact predicate in the record and, was therefore improper. It is uniformly held that an expert may not be interrogated on a hypothesis having no foundation in the evidence. Alls v. State, 104 Fla. 373, 139 So. 789; 13 Fla.Jur. Evidence, section 314; Jones on Evidence, section 416; McCormick on Evidence, Ch. 3, sec. 14; and 32 C.J.S. Evidence § 553.
In view of the foregoing principles and finding no error, the judgment appealed from is affirmed.
Affirmed.
SHANNON, J., and SMITH, CULVER, Associate Judge, concur.