116 So.2d 458 (1959)
M. Jack BREITBART and Dorothy B. Breitbart, Appellants,
v.
STATE ROAD DEPARTMENT OF FLORIDA, an Agency of the State of Florida, Appellee.
No. 59-288.
District Court of Appeal of Florida. Third District.
December 10, 1959.
Cypen & Salmon and Alvin S. Cawn, Miami Beach, for appellants.
Clyde G. Trammell, Jr., Tallahassee, for appellee.
CARROLL, CHAS., Judge.
The appellants were defendants in an eminent domain action, in the circuit court in Dade County. By the verdict and judgment they received an award of $38,500 plus $450 for attorney fees. On a motion for new trial the court rejected appellants' contention that the attorney fees fixed by the jury were inadequate, and they re-assert that contention on this appeal, no other question being raised.
At the trial the defendant landowners presented a lawyer witness who testified regarding the legal services preformed by defendants' attorneys and gave his opinion of the value thereof. The services performed *459 by the attorneys during the course of the trial were seen by the jury, and the witness who was presented knew of and related other services performed by defendants' attorneys relative to the case.
He expressed the opinion that a reasonable fee for defendants' attorneys would be ten per cent of the amount awarded to defendants for their land. No other evidence relating to the attorney fees was offered by defendants or their attorneys, and the petitioner did not present any evidence on the point. The court properly charged the jury on the law applicable to this feature.[1]
The trial, which was completed in one day, concerned only the defendants' property, and no unusual or difficult legal problems were shown to have been involved. Petitioner's witness appraised the land at $37,500. The testimony offered by defendants valued the property at approximately $45,000. The amount awarded by the jury, $38,500, was $1,000 above the petitioner's testimony as to value.
By legislative policy, the full compensation guaranteed under the constitution to those whose lands are taken by eminent domain[2] has been made to include payment by the taking authority of a reasonable attorney's fee for such land owners "to be assessed by the jury."[3]
In determining the value of an attorney's services, testimony of such value which is given by a qualified expert is not binding on a jury or court, though it may be strongly persuasive. See Baruch v. Giblin, 122 Fla. 59, 164 So. 831; Dratch v. Dade County, Fla.App. 1958, 105 So.2d 171; Folmar v. Davis, Fla.App. 1959, 108 So.2d 772; Romy v. Dade County, Fla.App. 1959, 114 So.2d 8; Fekany v. State Road Department of Florida, Fla.App. 1959, 115 So.2d 418. Appellants do not dispute that *460 proposition, but they argue that in view of the expert testimony and other facts of the case bearing on the question of attorney fees, the amount allowed in the verdict was grossly inadequate. And appellants cite the Dratch case decided by this court (Dratch v. Dade County, supra, Fla.App. 1958, 105 So.2d 171), which they argue is similar and should be controlling here.
In the Dratch case this court held that a jury's allowances of $225 attorney fee on an award of $23,000 and $175 attorney fee on an award of $13,500 were inadequate, and that the amount of attorney fees should be reassessed by another jury. In Fekany v. State Road Department of Florida, supra, decided recently in the second district, the court rejected a contention of inadequacy and upheld an eminent domain verdict and judgment which allowed $250 attorney fees for each of four land value awards of $8,000, $11,150, $12,050 and $18,150. The attorney fee allowances in the Dratch and Fekany cases, and in the instant case, are in substantially the same ratio to the awards made for the lands, and are considerably less than five per cent of the amounts of such land awards.
In deciding the Fekany case, the second district court of appeal distinguished the Dratch case in several respects, and we think correctly so. The appeal in the Dratch case concerned two of the many parcels of land which had been involved in a lengthy trial. The verdict in that case fixed attorney fees for the several owners in amounts which were well under five per cent of their respective land awards. In the Dratch case the county appeared to consider and, in effect, conceded that such attorney fees as fixed in the verdict were inadequate, and in return for the owners refraining from moving for new trial and appealing from the fee allowances, the county agreed to raise such fees to figures equalling five per cent of the respective land awards. However, the appellants refused to join the other owners in that settlement of attorney fees, and chose to appeal. Under those circumstances inadequacy of the attorney fees allowed to appellants by the verdict in the Dratch case was disclosed on the record.
Challenge of a verdict on the ground of inadequacy, on motion for new trial and on subsequent appeal, stands in exactly the same position as such a challenge of a verdict for excessiveness. Radiant Oil Co. v. Herring, 146 Fla. 154, 200 So. 376; Allen v. Powell, 152 Fla. 443, 12 So.2d 378; 23 Fla.Jur., New Trial, § 61. A motion for new trial for excessiveness of a verdict (or for claimed gross inadequacy) will not be granted unless its excessiveness (or its inadequacy) may be shown and determined upon the record, or the amount is such as to shock the conscience of the court, or to indicate that the jury must have been influenced unduly by passion or prejudice, or that the jury misconceived the evidence, failed to consider essential elements of damage involved or to consider and decide issues submitted, misused the law as charged, or otherwise failed to discharge their duty as they were directed by the court. DeVane v. Bauman, 82 Fla. 346, 90 So. 192; De La Vallina v. De La Vallina, 90 Fla. 905, 107 So. 339; Elks Club of Tampa v. Adair, 95 Fla. 415, 116 So. 26; Wise v. Jacksonville Gas Corporation, Fla.App. 1957, 97 So.2d 704.
The record in this case discloses a verdict for attorney fees which, in relation to the amount awarded to the owners, is smaller than customarily allowed in verdicts in eminent domain cases in this jurisdiction. But each case must stand on its own facts, and each case has a different jury. The amount of the verdict for attorney fees in this case is not such as to shock the conscience of the court. See Annotations 143 A.L.R. 672, 824; 56 A.L.R.2d 13, 191-193. The record affords no basis to imply that the jury was improperly influenced in any regard, or misconceived the evidence or law.
We hold, therefore, as was held in the Fekany case, that the learned trial judge was correct in denying the motion for new *461 trial, and that the judgment appealed from should be and hereby is affirmed.
Affirmed.
PEARSON, J., concurs.
HORTON, C.J., dissents.
HORTON, Chief Judge (dissenting).
I respectfully and reluctantly dissent from the majority judgment and opinion in this case.
I recognize the constitutional origin and statutory right of a landowner to a reasonable attorney's fee where his land has been condemned, as well as the fact that the circumstances of particular cases being different, the result would sometimes follow an irregular or uneven pattern.
In the case at bar, the jury returned an award of $38,500 to the landowner and $450 as a reasonable attorney's fee for the landowner's attorney. Considering all the facts as reflected in this record, I feel the jury was confused and took into consideration factors not consistent with the court's instruction or germane to the issue of attorney's fees. After the jury had been in session for almost one hour, it returned to the court and inquired as follows:
"The Foreman: The trouble, your Honor, is on the fee paid to the attorney. The jury would like to know if the appraisers are paid out of the total fee, or are they paid by the State, sir?
"* * * * * *
"The Court: They are paid by the State.
"The Foreman: All four?
"The Court: Yes, that is correct."
Within seventeen minutes thereafter, the jury returned its verdict.
I would reverse the judgment insofar as attorney's fees are concerned and remand the cause for a new trial on that question alone.
NOTES
[1] The court's charges to the jury included the following:

"Under the law, the petitioner is obligated to pay the defendant a reasonable attorney's fee which shall be fixed by your verdict. Such fee is to be determined by you from the evidence in such an amount as an ordinary prudent defendant would be required to expend in the employment of competent, efficient and adequate counsel to defend such a suit as this, with all the facts and circumstances considered.
"The owners of property are entitled to a reasonable attorney's fee in addition to the value of their land. In fixing a reasonable attorney's fee you may consider the time and labor required of the attorneys, the novelty and difficulty of the questions involved, the skill required to properly conduct a case on behalf of the defendant, the amount involved in this suit, and the benefits which result to the defendant from the services rendered by his attorney.
"You have heard expert testimony as to what is considered to be a reasonable attorney's fee in cases of this kind. Although it is strongly persuasive as to the value of an attorney's services, it is not conclusive and it is not binding on the Court or the jury.
"Such evidence should be weighed together with other evidence in the case, and with reference to the nature of the services, the time consumed in the performance, and any incidents peculiar to the case. Considering such matters in the light of your experience, as men of affairs and common knowledge, which you men may have, you should determine what is a reasonable attorney's fee to be paid to each attorney for the owners in this case.
"The Court charges you that no one of these several matters is in itself controlling. They are merely guides to aid you in ascertaining the reasonable value of the services of the attorneys for the defendant."
[2] Fla. Const., art. 16, § 29, 26 F.S.A.; id. Declaration of Rights. § 12, 25 F.S.A. See § 73.10 Fla. Stat., F.S.A.
[3] Sec. 74.10. Fla. Stat., F.S.A, provides in part as follows:

"All costs of [eminent domain] proceedings shall be paid by the petitioner, including a reasonable attorney's fee for the defendant to be assessed by the jury, * * *" Compare Jacksonville Expressway Authority v. Henry G. Du Pree Co., Fla. 1959, 108 So.2d 289, 295, and opinion on Petition for Attorney's Fees, pp. 293-295.