CARROLL, CHAS., Judge.
The State Road Department of Florida, the petitioner below in a proceeding in eminent domain, appealed from thef final judgment, and from an order granting a new trial on attorney fees, as to certain parcels.
As to the final judgment, which was included in the notice of appeal, the appellant filed no assignments of error, and certain cross-assignments directed thereto by the appellees have been considered in the light of the arguments and the record, and are found to be without merit.
The order for new trial was challenged by the appellant for granting an additur to increase by $104 the amount of attorneys’ fees which had been allowed by the jury for the services of the defendants’ attorneys as to certain of the parcels involved in the suit.[1]
In making awards to the owners for such parcels the jury accepted the testimony of the petitioner’s witness as to the value of the property. The verdict allowed the owners $13,950, on the parcels in question, and made provision for attorney fees incident thereto amounting to $600, which represented approximately 4.3% of the awards for the property.
We must reverse the order granting a new trial, on the authority of the case of Sarvis v. Folsom, Fla.App.1959, 114 So.2d 490, 492, which held that “in actions at law involving controverted and unliquidated damages courts are without power to require a party to consent to an additur as a condition of refusal to grant a new trial.” In fairness to the trial judge who made the order for the additur in this case it must be noted that his order preceded by some months that ruling in Sar-vis v. Folsom, supra.
Nor is the order for new trial on attorney fees supported by any showing on *670 the record of inadequacy of amount, and the amount was not such as to shock the conscience of the court. The fact that the only testimony as to attorneys’ fees to be allowed in this instance was ten percent of the amount of the award, did not prevent the jury from finding a lesser amount. Breitbart v. State Road Department of Florida, Fla. App.1959, 116 So.2d 458; Fekany v. State Road Department of Florida, Fla.App.1959, 115 So.2d 418; Romy v. Dade County, Fla.App.1959, 114 So.2d 8; Folmar v. Davis, Fla.App.1959, 108 So.2d 772.
For the reasons stated the order for new trial is reversed and the final judgment affirmed, relating to the parcels involved on this appeal.
It is so ordered.
HORTON, C. J., and PEARSON, J., concur.

. The order provided:
“Upon consideration it is Ordered that the motions for new trial filed by the defendant owners of Parcel 177, 178 be and the same are hereby granted unless the petitioner shall within ten days pay to such owners for attorneys’ fees the sum of $704.00, upon payment of which sum the defendants’ motion for new trial be and it is hereby denied.
“The court further reserves its jurisdiction re said Parcel 177, 178 regarding matters pertinent to this Parcel.”