RAWLS, Judge.
This appeal is from a declaratory decree determining the rights of the parties under a lease. There is sufficient basis in this record to support the chancellor’s apparent conclusion that Davis purchased the Appellee Corporation for the sole purpose of putting his concrete plant on the leased property, which purpose was at the time known to the city, and that the city’s issuance of a building permit in the name of Davis’s firm, Atlas Concrete Company, for the express purpose of erecting a concrete plant on the property in question either satisfied or waived the requirement in the lease for written consent for assignment. Also without merit is Appellant’s contention that the concrete plant is not a use permissible under the terms of the lease. The lease provides that the property will be used “ * * * only for such purposes as comply with existing zoning ordinances * * * and only for industrial purposes .as defined by Ordinance 100.” Since this record contains only a few sentences from the applicable zoning provision, none of Ordinance 100, and conflicting testimony, this court cannot as a matter of law find that the concrete plant Davis desires to erect does not comply with the use restriction contained in the *617 lease. As to the other points the Appellant has failed to clearly demonstrate reversible error.
Affirmed.
CARROLL, DONALD K., Acting C. J., and JOHNSON, J., concur.