SPECTOR, Judge.
Following the first appearance of this case before this court in City of Fort Walton Beach v. Southern State Steel Corporation, 202 So.2d 616, a jury trial was had on the question of damages only in plaintiff-appellee’s suit against appellant for damages for breach of a lease agreement. The jury returned a verdict in appellee’s favor in the amount of zero dollars. Thereafter, plaintiff-appellee filed its motion for a new trial or a judgment notwithstanding the verdict. Pursuant to said motions, both of which were embodied in one instrument, the trial court entered its judgment notwithstanding the verdict by ordering that an additur in the amount of $9,830.00 be entered in favor of the plaintiff-appellee against appellant “unless the defendant shall elect in writing within thirty days from the rendition of this judgment to accept a new trial”.
The appellant seeks reversal of the judgment in the cited amount notwithstanding the verdict on the ground that the trial courts of this state have no authority to enter an additur. We agree and reverse.
In Sarvis v. Folsom, 114 So.2d 490 (Fla.App.1959), this court, in a well reasoned opinion by the late Judge Wallace Sturgis, reviewed the history of the entry of additurs and concluded by holding that there is no authority in this jurisdiction to require a party to consent to an additur as a condition to refusal to grant a new trial. *63 It is our view that the principles enunciated in Sarvis, supra, are dispositive of the issues raised herein.
Reversed and remanded for further proceedings.
CARROLL, DONALD K., Acting C. J., and WIGGINTON, J., concur.