279 So.2d 329 (1973)
Charles A. MEANA, Appellant,
v.
ST. PETERSBURG KENNEL CLUB, INC., a Florida Corporation, Appellee.
No. 72-273.
District Court of Appeal of Florida, Second District.
June 6, 1973.
Rehearing Denied July 19, 1973.
*330 L.C. Schowe of Riley, Schowe & Saltsman, St. Petersburg, for appellant.
John T. Allen, Jr. and Ross H. Stanton, Jr., of Harrison, Greene, Mann, Davenport, Rowe & Stanton, St. Petersburg, for appellee.
HOBSON, Judge.
Appellant was injured in a motorcycle accident on Gandy Boulevard at the entrance to the St. Petersburg Kennel Club. He brought a personal injury action against the Kennel Club for negligence of its employees in the operation of a manually controlled traffic light signal at the entrance. Upon trial the jury found that the Kennel Club was negligent and awarded appellant $200 damages. The uncontroverted amount of property damages, medical expenses and loss of earnings totaled $715. Appellant testified as to pain and suffering, impairment, sensitivity and loss of manual dexterity in his left hand. There was uncontradicted medical testimony that appellant had sustained five to ten per cent permanent impairment to his left hand.
Appellant moved for a new trial on the issue of damages only, and appellee tendered an additional amount of $515 to settle. The lower court ordered appellee to pay the special damages in the amount of $715, and denied the motion for new trial. No motion for new trial on the issue of liability was made, nor has appellee filed a cross-assignment of error.
Although the jury was properly instructed as to pain and suffering and permanent injury, it clearly disregarded these instructions and failed to consider all of the elements of damages involved. Nor did the judgment of the trial judge cure the verdict by granting an additur to cover the special damages.
The jury's verdict was grossly inadequate and legally inconsistent with the proof of the alleged injury. Griffis v. Hill, Fla. 1969, 230 So.2d 143; Grossman v. Short, Fla.App. 1970, 235 So.2d 11; Short v. Grossman, Fla. 1971, 245 So.2d 217. It can only be concluded that the jury did not consider all the elements of damages involved; Pickel v. Rosen, Fla.App. 1968, 214 So.2d 730; Anastasio v. Summersett, Fla.App. 1969, 217 So.2d 854; Hancock v. Smith, Fla.App. 1971, 248 So.2d 211.
Reversed and remanded with directions to grant appellant a new trial upon the issue of damages only.
Reversed and remanded with directions.
MANN, C.J., and McNULTY, J., concur.