OTT, Acting Chief Judge.
This is an appeal by a minor and his parents from a final judgment entered upon a jury verdict in a personal injury action arising out of a collision of the minor’s motorcycle and the automobile of the appellees. The jury found the minor to be 80 percent comparatively negligent and assessed the total damages to the appellants at $10,000.00. We reverse and remand for a new trial on damages only.
The appellants have failed to demonstrate any reversible error in the jury’s findings and apportionment of the negligence, or in the trial court’s denial of accident reconstruction evidence of appellants’ expert. We therefore affirm the judgment on liability and apportionment of negligence between the parties.
The jury’s determination of the total damages cannot be sustained.
Pursuant to the trial court’s order setting a pretrial conference, all the separate bills for the medical expenses for treatment *1242 of the minor’s injuries were stapled together with an itemized cover sheet. They were received in evidence without objection. There was no testimony that any of the bills were either unnecessary or unreasonable. The uncontradicted medical expenses totaled $7,984.08.
The employment schedule of weekly earnings of the minor for the thirteen weeks preceding the date of the accident were stipulated into evidence. The treating physician testified without contradiction that the minor was not released for or capable of returning to work for thirty-two weeks following the accident, or a total of $3,530.88 actual lost earnings.
The total of these two elements of damages is $11,514.96.
There was undisputed evidence of permanent injury, pain, and suffering.
The jury first returned a verdict apportioning the negligence at 80 percent and 20 percent respectively between the minor and the appellees, and finding total damages to be zero dollars. The trial judge rejected the verdict as inconsistent, reinstructed the jury on damages, and sent them back for further deliberation. The jury returned with a total damages determination of $10,-000.00. Under these facts, no reasonable jury would have returned a verdict for an amount less than the actual medical expenses and lost wages. See Griffis v. Hill, 230 So.2d 143 (Fla.1969); Hector v. Florida Farm Bureau Mutual Insurance Co., 364 So.2d 1253 (Fla. 2d DCA 1978); Thornburg v. Pursell, 446 So.2d 713 (Fla. 2d DCA 1984). The inadequate damages award, together with the initial zero damages verdict, creates a strong suspicion that the jury disregarded or misunderstood the court’s instructions or was biased or prejudiced.
We therefore VACATE AND SET ASIDE THE JUDGMENT and REMAND . , . , , for a new trial on the issue of damages. &
DANAHY and LEHAN, JJ., concur.