HALL, Judge.
Joanne Reinhart, plaintiff below, appeals the trial court’s amended final judgment entered upon a jury verdict in a negligence action against appellees Seaboard Coast Line Railroad Company (the Railroad) and the State Department of Transportation (DOT). She raises several points on appeal, only two of which merit discussion. She first contends that the jury’s verdict was grossly inadequate. Next, she contends that the trial court erred in ordering an additur to the jury verdict, rather than granting her motion for a new trial. We agree on both points and, therefore, reverse and remand for a new trial on the issue of damages only.
In 1980 appellant brought a negligence action against appellees for injuries she sustained when she fell off her bicycle as she crossed a set of railroad tracks on South Fort Harrison Avenue in Clearwater. The trial court directed a verdict in favor of both appellees, and appellant appealed to this court. We reversed and remanded for a new trial. Reinhart v. Seaboard Coast Line Railroad, 422 So.2d 41 (Fla. 2d DCA 1982).
The case went to trial a second time in 1984. At the close of all the evidence, a jury found the Railroad, but not DOT, to be negligent. It also found appellant to be ninety percent comparatively negligent.
The jury awarded appellant $18,813.04, which happened to be the total amount of her hospital and medical bills. Appellant had also established at trial damages for pharmaceutical bills in the amount of $135.76 and lost wages of $5,000. Appel-lees conceded at trial that appellant had incurred these damages. Final judgment was entered upon the jury’s verdict in the amount of $1,881.30, reflecting a ninety percent reduction for appellant’s comparative negligence.
Upon appellant’s motion for a new trial, the trial court, on its own motion and without objection from either party, ordered an additur to the jury verdict in the amount of $12,000. This amount represented $5,000 for lost wages and $7,000 for pain and suffering. The additur brought appellant’s total award to $30,813.04, which was again reduced by ninety percent to $3,081.30. The trial court accordingly denied appellant’s motion for a new trial and entered an amended final judgment in the amount of $3,081.30. Appellant timely appealed.
We agree with appellant, as the trial court obviously did, that the jury verdict was grossly inadequate. The uneontrovert-ed evidence established that appellant had damages for hospital, medical, and pharmaceutical bills, as well as lost wages, total-ling $23,948.80. The jury only awarded appellant $18,813.04, coincidentally, the exact amount of her hospital and medical bills. This verdict creates a strong suspicion that the jury disregarded or misunderstood the court’s instructions or was biased or prejudiced. Under the facts of this case, no reasonable jury would have returned a verdict for an amount less than the actual medical expenses and lost wages. Olds v. *513 Stephenson, 463 So.2d 1241 (Fla. 2d DCA 1985).
Although we agree that the jury’s verdict was grossly inadequate, we find the trial court had no authority to order an additur in lieu of a new trial. Bennett v. Jacksonville Expressway Authority, 131 So.2d 740 (Fla.1961); Meana v. St. Petersburg Kennel Club, Inc., 279 So.2d 329 (Fla. 2d DCA 1973); Sarvis v. Folsom, 114 So.2d 490 (Fla. 1st DCA 1959).[1] We, therefore, reverse the judgment and remand for yet another new trial, this time on the issue of damages only.
We have reviewed the record and find appellant’s other points on appeal, regarding several of the trial court’s evidentiary rulings and its directed verdict in favor of the Railroad on appellant’s punitive damages claim, to be without merit. Accordingly, we affirm those rulings.
We, therefore, AFFIRM IN PART, REVERSE IN PART, and REMAND for a new trial on the issue of damages.
DANAHY, A.C.J., and CAMPBELL, J., concur.

. Despite appellees' argument to the contrary, the party for whose "benefit” the additur was ordered may appeal that order. See, e.g., Meana and Sarvis. Further, although appellant failed to object to the trial court’s additur, the effect of the order of additur, rather than a new trial, would be to deny appellant her right to a jury trial, which is fundamental error. See, e.g., Sarvis, 114 So.2d at 492. As such, her failure to object did not waive her right to appeal this error. See Sanford v. Rubin, 237 So.2d 134 (Fla.1970).