HENDRY, Judge.
Manuel Vega, Jr. appeals the entry of a judgment notwithstanding the verdict and an additur of the damages assessed against him. We reverse the judgment appealed from and reinstate the jury verdict based upon the following analysis.
Briefly stated, the relevant facts are as follows. Vega was a lawyer employee of appellee Stabinski & Funt, P.A.,[1] until October, 1981, when the relationship terminated. An agreement was made between the parties relative to the distribution of fees on pending matters retained by Vega after the termination of his employment.
This agreement called for Stabinski & Funt to receive 40 percent of any fee realized by Vega upon resolution of any matter brought into the firm by him before his departure. Vega’s own testimony was to that effect, and that 35-40 cases were involved. Vega further testified that every time one of the cases involved was settled or otherwise produced a fee, he forwarded the appropriate sum of money to appellee, pursuant to the agreement.
There was a disagreement as to whether one particular file, the Maria Hervas case, was included in the fee sharing arrangement.[2] The court at the close of the evidence determined, as a matter of law, that a valid oral contract existed between the parties and the issue for determination by the jury was whether the Hervas file was included in the agreement.
The trial court originally ruled that if the Hervas file was included within the oral agreement, appellee would be entitled to $9,000 in damages,[3] but if the Hervas file was not included in the agreement, appellee would take nothing. The court subsequently allowed the jury to determine damages. The jury awarded appellee $1,000 in damages.
Upon post-verdict motion of appellee for directed verdict or judgment notwithstanding the verdict, the trial court directed a verdict on damages in the amount of $9,000 and entered judgment in that amount.
Vega contends on appeal that the trial court erred in setting aside the jury’s verdict and entering an additur for appellee. We agree. Florida generally does not recognize additurs, except as provided in sections 768.043 and 768.49, Florida Statutes.[4] *348 Smith v. Telophase Nat. Cremation Soc., Inc., 471 So.2d 163 (Fla. 2d DCA 1985); See City of Fort Walton Beach v. Southern State Steel Corp., 249 So.2d 62 (Fla. 1st DCA 1971); State Road Dep’t of Florida v. Cox, 118 So.2d 668 (Fla. 3d DCA 1960); Sarvis v. Folsom, 114 So.2d 490 (Fla. 1st DCA 1959). The record is devoid of any evidence to persuade us to reverse this trend. Healy v. Atwater, 269 So.2d 753 (Fla. 3d DCA 1972).
Based on the reasons and authorities set forth above, the judgment appealed from is reversed with instructions to the trial court to reinstate the jury verdict for $1,000.
Reversed and remanded with instructions.

. The law firm was then known as Stabinski, Funt, Vega & Levine, P.A. Vega had no ownership control and was merely in an employee capacity.

. This case was a personal injury suit that resulted in a settlement of $75,000 for the plaintiff. Vega alleges that he brought Maria Hervas in as a new client and she signed a contingency fee retainer agreement with the firm. The retainer agreement authorized Vega to represent Hervas in her claim for damages arising out of an automobile accident. Vega contends that the Hervas case was not part of the fee sharing agreement.

. 40 percent of the $22,500 fee that Vega received from the Hervas case.

. § 768.043, Fla.Stat. (1985) ("Remittitur and additur actions arising out of operation of motor vehicles")-, and § 768.49, Fla.Stat. (1985) ("Re- *348 mittitur and additur. — (1) In any action for the recovery of damages based on personal injury or wrongful death arising out of medical malpractice").