711 So.2d 568 (1997)
Max A. BEYER, Appellant,
v.
Stephanie A. LEONARD, Appellee.
No. 96-04867.
District Court of Appeal of Florida, Second District.
December 31, 1997.
*569 Richard R. Garland of Dickinson & Gibbons, P.A., Sarasota, for Appellant.
Michael R. Karp, Sarasota, for Appellee.
CAMPBELL, Acting Chief Judge.
Appellant, Max A. Beyer, challenges the order of the trial court that vacated an additur entered in favor of appellee, Stephanie A. Leonard, and instead granted appellee a new trial on the issue of damages alone. We reverse and reinstate the order granting additur.
Appellee sued appellant for damages for personal injuries she allegedly suffered as a result of an intersection accident wherein the parties' vehicles collided. A jury verdict found appellee seventy-five percent negligent and appellant twenty-five percent negligent. The evidence was conflicting as to appellee's injuries and the cause and permanency thereof. Her principal complaints involved temporal mandibular joint problems. Finding a permanent injury, the jury's itemized verdict awarded appellee a total of $26,642, consisting of (1) $11,642 for past economic damages (medical expenses and lost earnings); (2) $10,000 for the present value of future medical expenses based on $500 per year for 54 years; (3) $5,000 for past noneconomic damages (pain and suffering); and (4) zero damages for future noneconomic damages (pain and suffering). The trial judge subsequently entered a judgment for appellee, adjusted for her seventy-five percent comparative negligence in the amount of $6,660.50.
Appellee filed a timely alternative motion for new trial on damages alone or additur, alleging that the amount of damages awarded by the jury was inadequate. As a further alternative, appellee moved for a new trial on liability and damages, alleging that, because the jury awarded zero damages for future pain and suffering, the verdict must have been arrived at by compromise.
After a hearing on appellee's motions, the trial judge found "the jury's failure to award future pain and suffering when it awarded future medical expenses is contrary to the manifest weight of the evidence and constitutes grounds for granting an additur." The court then ordered appellant to accept an additur of $5,000 or a new trial on damages alone. (Appellant acknowledged at oral argument that the trial court's additur was a net additur to the final judgment, which could make the final judgment, as adjusted, total $11,660.50.)
Appellant timely accepted the additur award. Appellee then, asserting that the additur was inadequate, filed a motion objecting to the additur and asserting that in lieu *570 thereof her prior motion for new trial should have been granted. Expressly stating that appellee's second motion was considered a motion for rehearing of this additur order, the trial judge then vacated the additur and awarded appellee a new trial as to her damages alone. In doing so, the court found "the jury's verdict of zero damages for future pain and suffering is grossly inadequate and totally inconsistent with the finding of permanent injury and its award of future medical expenses."
Section 768.043, Florida Statutes (1993), is the controlling and applicable statute authorizing the trial judge to order, as an alternative to a new trial, an additur to a jury award upon a finding that the amount of damages awarded by the jury is clearly inadequate.
Section 768.043(1) provides as follows:
768.043 Remittitur and additur actions arising out of operation of motor vehicles.
(1) In any action for the recovery of damages based on personal injury or wrongful death arising out of the operation of a motor vehicle, whether in tort or in contract, wherein the trier of fact determines that liability exists on the part of the defendant and a verdict is rendered which awards money damages to the plaintiff, it shall be the responsibility of the court, upon proper motion, to review the amount of such award to determine if such amount is clearly excessive or inadequate in light of the facts and circumstances which were presented to the trier of fact. If the court finds that the amount awarded is clearly excessive or inadequate, it shall order a remittitur or additur, as the case may be. If the party adversely affected by such remittitur or additur does not agree, the court shall order a new trial in the cause on the issue of damages only.
The trial judge, in granting appellee's motion for additur, followed the dictates of the statute and ordered the award of an additur in favor of appellee and against appellant and directed that if appellant did not agree to this additur a new trial on damages would be awarded. As previously indicated, appellant accepted the additur. Appellee now argues that the statute authorizes the party in whose favor an additur is granted to object to the amount of the additur and in lieu thereof demand a new trial. We conclude that appellee misconstrues the statute. The phrase of the statute put in issue by appellee's argument provides: "If the party adversely affected by such remittitur or additur does not agree, the court shall order a new trial in the cause on the issue of damages only." Appellee argues that she is, under the statute, "the party adversely affected," because the additur, in her opinion, is insufficient. We find instead that the clear meaning of a "party adversely affected by such remittitur or additur" to be the party who suffers the remittitur or additur.
In the case of remittitur, where damages previously awarded to the wronged party are reduced, the "party adversely affected" by the remittitur would be the party who receives less in damages than previously awarded. Where there has been an additur, however, and the liable party is required to pay additional damages, it is that liable party who would be "adversely affected." The legislature, in its wisdom, did not provide, "If either party affected by such remittitur or additur does not agree, the court shall order a new trial on the issue of damages only." To construe section 768.043(1) as urged by appellee would be to alter the clear words of that legislative enactment. We are not allowed that liberty.
An order granting a remittitur or an additur or, in the alternative, a new trial confers a substantive right, is not interlocutory in nature, and therefore, does not remain subject to modification. Neither is an order denying a motion for new trial subject to a motion for rehearing. See Huffman v. Little, 341 So.2d 268 (Fla. 2d DCA 1977); Mathis v. Butler, 128 So.2d 142 (Fla. 2d DCA 1961); State Farm Mutual Auto. Ins. Co. v. Miller, 688 So.2d 935 (Fla. 4th DCA 1996); Salkay v. State Farm Mutual Auto. Ins. Co., 398 So.2d 916 (Fla. 3d DCA 1981).
We therefore reverse the order of the trial court that vacated its previous award of an additur and in lieu thereof ordered a new trial on damages. On remand, the order granting an additur of $5,000 shall be reinstated *571 and judgment entered for appellee in the total net amount of $11,660.50
THREADGILL, J., and YOUNG, ROBERT A., Associate Judge, concur.