869 So.2d 767 (2004)
James W. BRANT, Appellant,
v.
DOLLAR RENT A CAR SYSTEMS, INC., and Jocelyn Fleuridor, Appellees.
No. 4D02-2211.
District Court of Appeal of Florida, Fourth District.
April 14, 2004.
*768 Kimberly L. Boldt of Angelo, Barry & Boldt, P.A., Fort Lauderdale, and Douglas P. Johnson & Associates, P.A., Fort Lauderdale, for appellant.
Steven E. Goldman of Goldman & Hellman, Fort Lauderdale, for appellees.
FARMER, C.J.
In this automobile accident case, the jury found plaintiff and defendant evenly negligent, awarding $42,000 for past medical expenses, $23,000 for future medical expenses, and $75,000 for lost earnings in the past. The verdict included no damages for future earnings and no damages for either past or future pain and suffering. The trial court denied plaintiff's motion to resubmit the case to the jury on the grounds that the verdict was internally inconsistent.
Plaintiff timely served a motion for an additur or new trial, again contending that the jury's verdict was inconsistent in awarding future medical expenses but nothing for pain and suffering. At the hearing on the motion, the defense conceded that only an additur might be proper but not a new trial. The trial court denied a new trial but deferred ruling on the question of an additur. Later, and without explanation, the trial court entered an order fixing an additur of $25,000 for pain and suffering. We agree with plaintiff that the trial court should have granted a new trial rather than itself determining the amount of unliquidated damages for pain and suffering without his consent.
The outcome in this case is controlled by section 768.043(1) and the supreme court decision in ITT Hartford Insurance Co. of the Southeast v. Owens, 816 So.2d 572 (Fla.2002), which also involved an additur. As the court explained:
"the Third District's determination that section 768.043 does not require a defendant to be given the option of a new trial when an additur is granted is contrary to the express language of the statute and analogous precedent concerning remittiturs." [c.o.]
816 So.2d at 575-76. The court went on to explain:
"In other words, the complaining party need not accept the decision of the judge with respect to remittitur or additur. The party may have the matter of damages submitted to another jury. Defendants' attack on the constitutionality of the statute is without merit." *769 816 So.2d at 576-77. Obviously the complaining partyhere the plaintiffis not required under ITT Hartford to accept a judge's determination of the amount of an additur but is, instead, entitled to have the matter of pain and suffering submitted to another jury.
We add the following. The trial judge and defense counsel appear to have read section 768.043(1) to authorize trial judges to set the amount of an additur for pain and suffering damages, even when the complaining party does not consent to the additur. When the subject is unliquidated damages for intangible losses such as pain and suffering, the Legislature's authority to have trial judges fix the amount of something the jury has not seen fit to include, and to which the adverse party does not consent, is constitutionally dubious. See Art. I, § 22, Fla. Const. ("The right of trial by jury shall be secure to all and remain inviolate."). As one Florida appellate court has explained:
"Where the verdict is excessive, the practice of substituting a remission of the excess for a new trial is not without plausible support in the view that what remains is included in the verdict along with the unlawful excessin that sense that it has been found by the juryand that the remittitur has the effect of merely lopping off an excrescence. But, where the verdict is too small, an increase by the court is a bald addition of something which in no sense can be said to be included in the verdict.... To so hold is obviously to compel the plaintiff to forego his constitutional right to the verdict of a jury and accept `an assessment partly made by a jury which has acted improperly, and partly by a tribunal which has no power to assess.'"
Sarvis v. Folsom, 114 So.2d 490, 492 (Fla. 1st DCA 1959) (quoting Dimick v. Schiedt, 293 U.S. 474, 482, 55 S.Ct. 296, 79 L.Ed. 603 (1935)).
To be sure, even if section 768.043(1) did not expressly provide that the adverse party must consent to the additur in order to avoid a new trial, it would be error for a judge to read a power to fix unliquidated damages for intangible losses into the statute by legislative implication. To read such a grant by implication would be to introduce constitutional doubts into the statute. See Adams v. Wright, 403 So.2d 391 (Fla.1981) (statute granting power to order additur did not violate constitutional right to trial by jury because statute expressly required new trial if adverse party did not consent to additur). That method of statutory construction would be contrary to the long tradition of avoiding interpretations that might make a statute invalid. See Schultz v. State, 361 So.2d 416, 418 (Fla.1978) (well established that when reasonably possible statute should be construed to avoid conflict with constitution); Dep't of Legal Affairs v. Rogers, 329 So.2d 257 (Fla.1976) (same); State v. Dinsmore, 308 So.2d 32 (Fla.1975) (same). In any event, section 768.043(1) expressly provides that the adverse party need not accept the amount of the additur and may instead insist on a new trial on damages. § 768.043(1), Fla. Stat. (2003) ("If the party adversely affected by such remittitur or additur does not agree, the court shall order a new trial in the cause on the issue of damages only."). We therefore hold that, once the trial court held that the damages were inadequate, plaintiff was entitled to refuse to accept the amount set by the trial judge and have a new jury determine the amount of any damages for pain and suffering.
REVERSED.
GUNTHER and TAYLOR, JJ., concur.