896 So.2d 779 (2004)
Jeremy J. BAMFORD, Appellant/Cross Appellee,
v.
John R. WILLIAMS, Appellee/Cross Appellant.
No. 1D03-4833.
District Court of Appeal of Florida, First District.
December 30, 2004.
Rehearing Denied March 29, 2005.
*780 James F. McKenzie and C. Phil Hall, of McKenzie, Taylor & Zarzaur, P.A., Pensacola, for Appellant/Cross Appellee.
C. Miner Harrell and Adrianna M. Spain, of Wilson, Harrell, Smith, Farrington & Ford, P.A., Pensacola, for Appellee/Cross Appellant.
BARFIELD, J.
Jeremy J. Bamford appeals the decision of the trial court which denied his motion for new trial, but granted additur, which Bamford says is inadequate. Appellant contends that the trial judge applied the wrong standard in assessing the verdict which apportioned seventy-five percent comparative fault to appellant. In ruling on the motion, the trial judge, in the first paragraph of the ruling, declared "[t]he Court was shocked by the verdict in the case and had to control his emotions to prevent exhibiting same to the jury." The judge, thereafter, opined that the verdict may have been influenced by sympathy for the plight of the vehicle driver who injured appellant, but there was no record evidence to prove the jury's motivation. Concluding that liability determinations are generally within the province of the jury, the judge denied the motion for new trial, but granted additur.
At the outset, we must note conflict between our decision and the decision of the second district in Beyer v. Leonard, 711 So.2d 568 (Fla. 2d DCA 1997). With all due respect to our sister court, its decision would preclude any appeal by simply granting an inadequate additur or remittitur. We hold that the recipient of an additur or beneficiary of a remittitur may be a party adversely affected. See Brant v. Dollar Rent A Car Systems, Inc., 869 So.2d 767 (Fla. 4th DCA 2004).
As to the merits of the issue raised by the appellant, the appellee contends that it is clear the trial judge was not shocked by the liability apportionment and did not find it contrary to the manifest weight of the evidence. The appellant, however, contends that the order in which the trial judge expressed his dismay at the jury verdict extended that concern to the apportionment of fault as well as the damage award. The appellant says the trial judge erred in deferring to the jury believing he had no discretion to set aside the liability apportionment.
Having reviewed the record in its entirety, we find the trial judge's only expression of shock is contained in the order denying new trial but granting additur. It is certainly not clear that the judge's concern extended only to the amount of damages as contended by the appellee. It is also uncertain that the trial judge was shocked by the liability apportionment, but believed he had no discretion to set it aside. The structure of the order tends to support the argument that the shock extended to both liability apportionment and damages.
*781 Accordingly, we reverse and remand this case to the trial court for the trial judge to further consider the liability apportionment. Brown v. Estate of A.P. Stuckey, 749 So.2d 490 (Fla.1999). Inasmuch as appellant has complained about the adequacy of the additur, a new trial may be warranted. Brant, supra.
We find no error in the remaining issues raised by the parties in the appeal or cross-appeal.
BOOTH and ALLEN, JJ., concur.