STEVENSON, C.J.
. In this negligence action, Rolando and Maura Mora obtained a jury verdict awarding $42,000 in damages intended to compensate them for past and future medical expenses and lost earnings. The jury awarded nothing, however, for past or future pain and suffering, prompting the Moras to file a motion for new trial. While the Moras’ motion did not seek addi-tur, this was nonetheless the remedy afforded them by the trial judge. Over the Moras’ objection, the trial court denied their motion for new trial and, instead, imposed a $10,000 additur, intended to compensate the Moras $5,000 for their past pain and suffering and $5,000 for their future pain and suffering: The Mor-as have appealed the additur, insisting the trial court could not force them to accept the additur in the place of a new trial on damages. We agree and reverse the addi-tur and the denial of the Moras’ motion for new trial.
Additur and remittitur in cases involving motor vehicles are governed by section 768.043, Florida Statutes (2004):
In any action for the recovery of damages based on personal injury or wrongful death arising out of the operation of a motor vehicle ... wherein the trier of fact determines that liability exists on the part of the defendant and a verdict is rendered which awards money damages to the plaintiff, it shall be the responsibility of the court, upon proper motion, to review the amount of such award to determine if such amount is clearly excessive or inadequate in light *1252 of the facts and circumstances which were presented to the trier of fact. If the court finds that the amount awarded is clearly excessive or inadequate, it shall order a remittitur or additur, as the case may be. If the party adversely affected by such remittitur or additur does not agree, the court shall order a new trial in the cause on the issue of damages only.
§ 768.043(1), Fla. Stat. (emphasis added). At the hearing on the motion for new trial, counsel for the defendant insisted that, in the case of additur, it was the defendant alone who had the choice of either accepting the additur or insisting on a new trial on damages. Although counsel for the Moras argued to the contrary, the trial court accepted the defendant’s position.
Resolution of this issue is governed by this court’s prior decision in Brant v. Dollar Rent A Car Systems, Inc., 869 So.2d 767 (Fla. 4th DCA 2004). There, the jury awarded damages for past medical expenses, past lost wages, and future medical expenses, but nothing for past or future pain and suffering. The plaintiff filed a motion for additur or, in the alternative, a new trial, arguing the verdict was inconsistent. At the hearing on the motion, the defendant conceded an additur might be appropriate, but insisted a new trial was not. The trial court denied the motion for new trial and reserved ruling on the addi-tur issue. Thereafter, without explanation, the court entered an order setting the amount of pain and suffering damages at $25,000. The plaintiff appealed, insisting the trial court should have granted the motion for new trial rather than setting the amount of unliquidated pain and suffering damages in the absence of his consent. This court agreed.
In Brant, the court’s conclusion was predicated upon two rationales. First, the trial judge’s awarding and setting the amount of intangible pain and suffering damages impacts the plaintiffs right to trial by jury and to do so over the objection of the offended party is “constitutionally dubious.” Id. at 769. Second, and most importantly, the court in Brant concluded that section 768.043(1) itself is most reasonably read to entitle a plaintiff to refuse an unacceptable additur and insist on a new trial on damages. Id. Brant governs the facts of the instant case and compels us to reverse the trial court’s ad-ditur and denial of the motion for new trial over the Moras’ objection.
In rendering this decision, we are aware that in Beyer v. Leonard, 711 So.2d 568, 570 (Fla. 2d DCA 1997), our sister court reached a contrary conclusion regarding whether, in the case of an additur, a plaintiff can be a “party adversely affected” within the meaning of section 768.043(1). We thus take this opportunity to certify conflict with that decision.[1]
TAYLOR and HAZOURI, JJ., concur.

. In Bamford v. Williams, 896 So.2d 779, 780 (Fla. 1st DCA 2004), the First District noted the conflict between the decisions in Brant and Beyer and elected to follow Brant after concluding that the holding in Beyer "would preclude any appeal by simply granting an inadequate additur or remittitur."