FLETCHER, Judge.
Manheim Auctions Government Services, Inc. and Florida Auto Auctions of Orlando, Inc., [collectively, Manheim] had a contract with the United States government [GSA] to auction government vehicles. On the occasion we are dealing with here, GSA requested Manheim to relocate a non-auction government vehicle from one government location at Cape Canaveral to another government location in the Keys. Manheim arranged for David’s Used Cars, an independent contractor, to relocate the government-owned container truck. David’s Used Cars then arranged for Daniel Wayne Webb to do the actual driving.
Edwin Mejia was driving on 1-95 with his wife and his daughter, Nelly, when he slowed to approach a slow-moving or stopped car[1] in his lane. Webb was driving the GSA truck behind Mejia and failed to observe Mejia slowing down. The truck rear-ended Mejia’s vehicle and crushed it, killing Mejia’s wife and leaving Mejia significantly brain damaged. Edwin Mejia and his daughter, through their legal guardian Osbaldo Mejia, sued Webb for negligence, and sued Manheim Auctions and David’s Used Cars for vicarious liability for Webb’s negligence.
Prior to trial, the court granted Mejia’s motion for summary judgment and ruled that Manheim was the bailee of the GSA vehicle, and thus was vicariously liable for Webb’s negligence.[2] At trial, the court granted Mejia’s motion for directed verdict finding Webb, the driver, negligent as a matter of law.[3] The trial court denied Manheim’s cross-claim which had sought indemnification against David’s Used Cars.
The jury found against Manheim and awarded Mejia $1 million in non-economic damages over his projected 40-year life expectancy.[4] Upon motion, the trial court awarded a non-economic additur of $1.8 million for past pain and suffering and $7.5 million for future pain and suffering. To Nelly Mejia the court added $100,000 for past pain and suffering, and $500,000 for future pain and suffering. Manheim then rejected the additur and the trial court granted a new trial limited to determining *659 non-economic damages. This appeal ensued.
As the record reflects, Manheim arranged for David’s Used Cars to pick up the vehicle, and David’s Used Cars arranged for Webb to drive it. Manheim was, at the very least, in constructive possession of the vehicle for bailment purposes. We thus affirm the trial court’s pre-trial summary .ruling that Manheim was a bailee and thus liable as a matter of law for Webb’s negligence.[5] We conclude from the facts that are not disputed that David’s Used Cars also was a bailee. Acting pursuant to Manheim’s express instructions and with Manheim’s identification, David’s Used Cars took actual possession of the truck from the GSA and transferred possession to the driver Webb to carry out the GSA/Manheim agreement. Manheim and David’s Used Cars, acting in concert, together became a conduit of the vehicle from GSA to Webb. As such each is vicariously liable for Webb’s negligence.[6] We thus reverse the trial court’s order denying Manheim’s motion for a directed verdict on its cross-claim for indemnification against David’s Used Cars.
We have reviewed the record and find no abuse of discretion in the trial court’s thoroughly considered order granting an additur for the plaintiffs’ non-economic damages pursuant to section 768.043, Florida Statutes (2003). We thus affirm the additur order. We also affirm the trial court’s decision to set a new trial for the determination of non-economic damages suffered by the Plaintiffs because Manheim rejected the additur, see ITT Hartford, Ins. Co. of the Southeast v. Owens, 816 So.2d 572 (Fla.2002); Brant v. Dollar Rent A Car Sys., Inc., 869 So.2d 767 (Fla. 4th DCA 2004), and we remand accordingly.
Affirmed in part, reversed in part and remanded.

. Driven by Carloe Levy Johnson, who was found by the jury to be negligent and had attributed to her 10% of Edwin Mejia’s injuries.

. The plaintiffs settled with David's Used Cars prior to trial.

. The jury attributed 90% of the cause of Edwin Mejia's damages to Webb.

. The jury awarded Edwin Mejia $21 million in future medical expenses (present value).

. We affirm the trial court's directed verdict finding Webb negligent as a matter of law.

. See Sunshine Dodge, Inc. v. Ketchem, 445 So.2d 395 (Fla. 5th DCA 1984) as to the conduit from owner to negligent driver.