940 So.2d 1105 (2006)
WASTE MANAGEMENT, INC., Petitioner,
v.
Rolando MORA, et al., Respondents.
No. SC05-2024.
Supreme Court of Florida.
October 12, 2006.
*1106 Kevin T. Smith of Law Office of Bohdan Neswiacheny, Fort Lauderdale, FL, for Petitioner.
Michael P. Weisberg and Arthur J. Morburger, Miami, FL, for Respondent.
WELLS, J.
We have for review the decision in Mora v. Waste Management, Inc., 911 So.2d 1251 (Fla. 4th DCA 2005), which certified conflict with the decision in Beyer v. Leonard, 711 So.2d 568 (Fla. 2d DCA 1997). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.

FACTS
Rolando and Maura Mora (Moras) obtained a jury verdict against Waste Management, Inc. (Waste Management) in the amount of $42,000. This verdict was intended to compensate the Moras for past and future medical expenses and lost earnings. The verdict awarded nothing for past or future pain and suffering. The Moras filed a motion for new trial. The Moras did not seek an additur.
Over the Moras' objection, the trial court denied the motion and instead imposed a $10,000 additur, $5000 of which was for past pain and suffering and $5000 for future pain and suffering. The trial court based the additur on section 768.043(1), Florida Statutes (2004), which provides:
In any action for the recovery of damages based on personal injury or wrongful death arising out of the operation of a motor vehicle . . . wherein the trier of fact determines that liability exists on the part of the defendant and a verdict is rendered which awards money damages to the plaintiff, it shall be the responsibility of the court, upon proper motion, to review the amount of such award to determine if such amount is clearly excessive or inadequate in light of the facts and circumstances which were presented to the trier of fact. If the court finds that the amount awarded is clearly excessive or inadequate, it shall order a remittitur or additur, as the case may be. If the party adversely affected by such remittitur or additur does not agree, the court shall order a new trial in the cause on the issue of damages only.
At the hearing on the motion for new trial, defendant Waste Management argued that in the case of additur, it was the defendant alone who had the choice of either accepting the additur or insisting on a new trial for damages. Waste Management maintained that the "party adversely affected," as referred to in the statute, had to be the party required to pay the damages that would be in excess of the jury's verdict when there was an additur. In *1107 response, plaintiffs, the Moras, contended that the "party adversely affected," as referred to in the statute in the case of an additur, was the party who had received a legally inadequate jury award of damages.
The Moras appealed to the Fourth District Court of Appeal the order imposing additur and denying their motion for a new trial. The Fourth District reversed, relying on that Court's earlier holding in Brant v. Dollar Rent A Car Systems, Inc., 869 So.2d 767, 769 (Fla. 4th DCA 2004). In Brant, the Fourth District had held that it would be "constitutionally dubious" for the Legislature to grant trial judges the authority to impose additur without the plaintiff's consent and that section 768.043(1) is most reasonably read to allow a plaintiff to refuse an unacceptable additur and insist on a new trial.
The Fourth District acknowledged that the Second District had upheld an additur in Beyer after reasoning that a plaintiff could not be the "party adversely affected" by additur. Mora, 911 So.2d at 1251. The Fourth District then certified conflict with Beyer. The First District Court of Appeal in Bamford v. Williams, 896 So.2d 779 (Fla. 1st DCA 2004), agreed with the Fourth District.

ANALYSIS
The resolution of the conflict between the decisions of the First and Fourth Districts and the decision of the Second District is an issue of statutory construction. Our standard of review is de novo. Consistent with our precedent in Adams v. Wright, 403 So.2d 391 (Fla.1981), and ITT Hartford Insurance Co. of the Southeast v. Owens, 816 So.2d 572 (Fla. 2002), we approve the decisions of the First and Fourth Districts and disapprove the decision of the Second District.
Prior to the Legislature's adoption of sections 768.043 and 768.74, we had not recognized a trial court's power to grant an additur. In Bennett v. Jacksonville Expressway Authority, 131 So.2d 740, 744 (Fla.1961), we held:
Although we have referred to the additur ordered by the trial judge as indicating the extent to which he considered the verdict unjust, we do not recognize his authority to effectuate an increase in the verdict of the jury. See Sarvis v. Folsom, Fla.App., 114 So.2d 490; State Road Department of Florida v. Cox, Fla.App., 118 So.2d 668; Wohlfiel v. Morris, Fla.App., 122 So.2d 235.
In Sarvis v. Folsom, 114 So.2d 490 (Fla. 1st DCA 1959), to which we referred, the First District stated:
We hold, in line with what we consider to be the better rule and the weight of authority, that in actions at law involving controverted and unliquidated damages courts are without power to require a party to consent to an additur as a condition to refusal to grant a new trial.
Id. at 492.
Shortly after the adoption of section 768.043, we decided Adams v. Wright, 403 So.2d 391 (Fla.1981), which was a constitutional challenge of the statute. The case involved a challenge by defendants to the trial court granting an additur or a new trial. In our decision, we first held that section 768.043 was remedial in nature, granting authority to the trial judge to modify a clearly excessive or inadequate verdict in a motor vehicle liability suit, and was designed to protect the substantive rights of litigants in those lawsuits. Id. at 394. We then stated:
Defendants next contend that the statute substantially abridges the right to a jury trial. We disagree. The statute clearly provides for a new trial in the event the party adversely affected by the remittitur or additur does not *1108 agree with the remittitur or additur. In other words, the complaining party need not accept the decision of the judge with respect to remittitur or additur. The party may have the matter of damages submitted to another jury. Defendants' attack on the constitutionality of the statute is without merit.
Id. at 395. Thus, we equated the statute's "party adversely affected" to the party complaining about the remittitur or additur and held that if that party chooses that party may decline the remittitur or additur and have the damage issue submitted to another jury.
By giving the "party adversely affected" the "complaining party" construction, we found the statute to be constitutional. When reasonably possible, a statute should be construed to avoid conflict with the constitution. Schultz v. State, 361 So.2d 416, 418 (Fla. 1978).
In ITT Hartford, 816 So.2d at 576, we specifically quoted the "complaining party" passage from our earlier decision in Adams in holding that a defendant had a right to a new trial on the issue of damages as an alternative to accepting additur. The Fourth District correctly followed our decision in Brant, which was the case which controlled the Fourth District's decision in this case.
We reject the reasoning of the Second District in Beyer. The Second District decided that a plaintiff in whose favor an additur is granted by the trial court had to accept the additur and was not entitled to choose a new trial rather than additur. The Second District overlooked our decision in Adams and held:
We find instead that the clear meaning of a "party adversely affected by such remittitur or additur" to be the party who suffers the remittitur or additur.
In the case of remittitur, where damages previously awarded to the wronged party are reduced, the "party adversely affected" by the remittitur would be the party who receives less in damages than previously awarded. Where there has been an additur, however, and the liable party is required to pay additional damages, it is that liable party who would be "adversely affected." The legislature, in its wisdom, did not provide, "If either party affected by such remittitur or additur does not agree, the court shall order a new trial on the issue of damages only."
Beyer, 711 So.2d at 570. This view conflicts with our decisions in Adams and ITT Hartford that "persons adversely affected" means "the complaining party."
Nor do we agree that only a party who receives "less in damages" can be affected by a remittitur, or only the party who has to pay more in damages can be affected by an additur. To the contrary, a defendant who has a jury award in an excessive amount of damages against the defendant can be a party adversely affected by a trial judge's remittitur that is too little to cure the excessiveness. Similarly, a plaintiff who has a jury award for inadequate damages on the plaintiff's behalf is a party adversely affected by a trial judge's additur that is too little to cure the inadequacy. In each case, a defendant or plaintiff objecting to the amount of the remittitur or additur would be the party complaining about a continued excessiveness or inadequacy and has the right to choose a new trial rather than the remittitur or additur. Similarly, a plaintiff can be the party adversely affected by a trial judge determining a remittitur which is more than an amount reasonably necessary to cure an excessive verdict, or a defendant can be the party adversely affected by a trial judge determining an additur in an amount that is more than reasonably necessary to *1109 cure an inadequate verdict. In each case, the party that is adversely affected by the amount has a right to a new trial.

CONCLUSION
In sum, we conclude that a "party adversely affected" under section 768.043 is the party complaining about the amount of the trial judge's additur or remittitur which is ordered in lieu of a new trial because of the jury verdict's excessiveness or inadequacy. We recognize that our decision means that only when the parties agree with the trial court's amount of remittitur or additur will the remittitur or additur be enforced in lieu of a new trial. This construction also recognizes that the statute is authorization for a trial judge to decide the amount of a remittitur or additur which, if accepted by the parties, will avoid the time and expense of a new trial.
For the reasons stated in this opinion, we approve the Fourth District's decision in Mora with directions that the case be remanded for a new trial. We disapprove the decision of the Second District in Beyer to the extent that it is inconsistent with this opinion.
It is so ordered.
LEWIS, C.J., and ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concurring.