BELANGER, ROBERT E., Associate Judge.
This case arose out of a traffic accident involving a Hertz rental vehicle driven by appellant Guadalupe Olivas and another vehicle in which appellee Shane Peterson was a passenger. Liability and damages were highly contested.
The jury awarded Peterson $1 million in past non-economic damages and $4 million in future non-economic damages. The amount of non-economic damages the jury awarded was more than double the $2.25 million figure suggested by Peterson’s counsel during closing argument. Hertz and Olivas filed a motion for new trial, or in the alternative, for remittitur. They claimed that the verdict was grossly excessive, and argued that the maximum amount that could reasonably be supported by the evidence would be $250,000.00 for intangible damages. The trial court denied the motion for a new trial, but remitted the total judgment to $2.25 million — the amount Peterson requested in closing argument. Peterson filed a notice of accepting the remittitur. The trial court entered an amended final judgment in accordance with the remitti-tur. Hertz and Olivas appeal the amended final judgment.
Section 768.043(1), Florida Statutes, provides, in pertinent part: “If the court finds that the amount awarded is clearly excessive or inadequate, it shall order a remittitur or additur, as the case may be. If the party adversely affected by *1140 such remittitur or additur does not agree, the court shall order a new trial in the cause on the issue of damages only.” (emphasis added).
In Waste Management, Inc. v. Mora, 940 So.2d 1105, 1109 (Fla.2006), our supreme court held that “a ‘party adversely affected’ under section 768.043 is the party complaining about the amount of the trial judge’s additur or remittitur which is ordered in lieu of a new trial because of the jury verdict’s excessiveness or inadequacy.” The supreme court rejected the Second District’s conclusion that the term “party adversely affected” was limited to the party who actually suffers the remitti-tur or additur. Id. at 1108. The court specifically disagreed with the proposition that only a party who receives “less in damages” can be affected by a remittitur, or only the party who has to pay more in damages can be affected by an additur. Id. As the court explained, “a defendant who has a jury award in an excessive amount of damages against the defendant can be a party adversely affected by a trial judge’s remittitur that is too little to cure the excessiveness.” Id. Consequently, “only when the parties agree with the trial court’s amount of remittitur or additur will the remittitur or additur be enforced in lieu of a new trial.” Id. at 1109.
In the present case, Hertz and Olivas argue on appeal that they did not, and still do not, agree to the amount of the remitti-tur. As such, they claim that they are entitled to a new trial on damages under Mora.
We reject Peterson’s contention that this issue is not preserved. For preservation purposes, all that should be required is that it is clear on the record that the trial court fixed an additur or remittitur to which the party did not consent. See Brant v. Dollar Rent A Car Sys., Inc., 869 So.2d 767 (Fla. 4th DCA 2004). In this case, neither Hertz nor Olivas ever agreed with the amount of the remittitur ordered by the trial court. To the contrary, Hertz and Olivas immediately disagreed with the remitted amount and the trial court’s analysis in arriving at that amount. In their post-trial motions, Hertz and Olivas argued that a new trial was the only truly appropriate remedy, but failing that, a remittitur of non-economic damages to $250,000.00 should be granted. That requested relief makes clear that the remitted sum of $2.25 million was not agreeable to appellants. See Concept, L.C. v. Gesten, 662 So.2d 970, 974 (Fla. 4th DCA 1995) (“That appellants, given the option, would not have accepted the remittitur is adequately manifested by this appeal.”-); Shalhub v. Andrews Roofing & Improvement Co., 530 So.2d 1052 (Fla. 3d DCA 1988) (holding that the trial court erred by not affording the option of accepting a remittitur or having a new trial on damages, and remanding for the trial court to enter an order giving the option); Stuart v. Cather Indus., Inc., 327 So.2d 99 (Fla. 4th DCA 1975) (a trial judge is not permitted to reduce the verdict of a jury by ordering a remittitur, without permitting the plaintiff to have the option of a new trial).
Because Hertz and Olivas did not, and do not, agree to the amount of the remitti-tur, they are entitled as a matter of law to a new trial on damages. See Mora; § 768.043, Fla. Stat. Accordingly, the damages award is reversed, and the case remanded for a new trial on damages. We have considered the additional issues raised on appeal and conclude such issues are either without merit or rendered moot by our disposition.
SHAHOOD, C.J., and STEVENSON, J., concur.