THOMAS, J.
In this Engle[1] progeny case, Appellant, R.J. Reynolds Tobacco Company, appeals the trial court’s remitted punitive damages judgment of $20 million. Appellant argues that the trial court erred by denying Appellant’s request for a new trial on damages. Appellant contends it was entitled to object to the proposed remitted judgment, as provided by section 768.74(4), Florida Statutes, as interpreted by our supreme court in Waste Management, Inc. v. Mora, 940 So.2d 1105 (Fla.2006). Appellant also argues that the remitted judgment exceeds the maximum amount allowable under federal due process. For the reasons that follow, we affirm as to both of these issues.[2]
Although Appellant is correct that Mora stands for the proposition that any party complaining as to the amount of a proposed remitted judgment is an adverse party with a right to object, here, because Appellant failed to raise this argument on rehearing in R.J. Reynolds Tobacco Co. v. Townsend, 90 So.3d 307 (Fla. 1st DCA 2012) (Townsend I), we are constrained by the principles of waiver and law of the case to affirm.
In remanding, this court in Townsend I explicitly instructed the trial court as follows:
[W]e reverse and remand the punitive damages award for the limited purpose of permitting Appellee to choose between a new jury trial solely to determine punitive damages or acceptance of a remittitur judgment on the punitive damages award to be established by the trial court.
Id. at at 316 (emphasis added).
Following the plain language of this mandate, the trial court offered only Ap-pellee the opportunity to accept or object to the proposed $20 million remitted judgment. Appellant contended below, as it *846 does now, that the proper procedure is to allow both parties to accept or reject the proposed remitted judgment, and absent an agreement, submit the matter to a jury for a new trial on damages, as required by both section 768.74(4) and Mora. It is Mora’s clarity, as well as that of the mandate in Townsend I, however, that precludes our granting the remedy Appellant seeks.
A motion for rehearing on appeal is meant to alert the court to the points of law or fact that, in the opinion of the movant, the court has overlooked or misapprehended in its decision; a motion for clarification is meant to state the points of law or fact that the movant believes are in need of clarification. See Fla. RApp. P. 9.330(a). The relevant portion of Townsend I was an explicit instruction to the trial court to remit and offer Appellee the opportunity to object and ask for a new trial. If this was a legal error, as Appellant now contends, it was Appellant’s responsibility to alert the Townsend I court to this fact, or to request clarification. In moving for rehearing, Appellant did not alert the Townsend I court that its mandate conflicted with Mora, nor did it ask the court to clarify whether it was incorrectly precluding the trial court from considering Appellant’s right to object to a proposed remitted judgment. Thus, Appellant’s argument here was waived under the law of the case doctrine.
“It is the general rule in Florida that all questions of law which have been decided by the highest appellate court become the law of the case which, except in extraordinary circumstances, must be followed in subsequent proceedings, both in the lower and the appellate courts.” Brunner Enterprises, Inc. v. Dep’t of Rev., 452 So.2d 550, 552 (Fla.1984). Appellant argues that the procedure to follow following remand was not at issue in Townsend I, and thus was not a question of law decided by the court in that case, which in turn means the law of the case doctrine does not apply. Even if that is correct, however, this court in Townsend I instructed the trial court to follow a specific legal procedure regarding the remittitur, making it a legal ruling: “[I]t is a well-settled rule of law that ‘the judgment of an appellate court, where it issues a mandate, is a final judgment in the cause and compliance therewith by the lower court is a purely ministerial act.’ ” Brunner Enterprises, 452 So.2d at 552 (quoting O.P. Corp. v. Village of North Palm Beach, 302 So.2d 130, 131 (Fla.1974)). Thus, it was Appellant’s duty to inform this court that it had erred in its procedure, in contradiction to Mora.
Appellant is now asking this court to reverse the trial court for doing exactly what it was instructed to do, without Appellant first alerting this court that the procedure we instructed the trial court to follow was erroneous under Mora. This is precisely the scenario that rule 9.330(a) is meant to address. As we explained in Pensacola Beach Pier, Inc. v. King, 66 So.3d 321, 324 (Fla. 1st DCA 2011), where a court’s error appears for the first time on the face of a final order, the failure to file a motion for rehearing or other available motion in an attempt to correct the error results in the failure to preserve an otherwise meritorious argument. See also Lake Sarasota, Inc. v. Pan. Am. Sur. Co., 140 So.2d 139, 142 (Fla. 2d DCA 1962) (holding “[i]t is the duty and responsibility of the attorneys in a cause to see that the orders entered by the trial court are in proper form and substance....”). Although King and Lake Sarasota, Inc., both concern trial court orders, the same principle applies in the appellate context — a “court should be afforded an opportunity to correct [an] error before the aggrieved party seeks reversal of the order on appeal.” King, 66 So.3d at 324. In essence, *847 here, Appellant is seeking a reversal of this court’s previous mandate in this appeal without having previously afforded this court an opportunity to correct its error.
We recognize that “an appellate court has the authority to reconsider a previous ruling that established the law of the case. [But] a change in the law of the case should only be made in those situations where strict adherence to the rule would result in ‘manifest injustice.’ ” Brunner Enterprises, 452 So.2d at 552-53 (quoting Strazzulla v. Hendrick, 177 So.2d 1, 4 (Fla.1965)). One such situation warranting a change in the law of the case, as occurred in Brunner Enterprises, is when there is an intervening case by a higher court that would have required a different outcome. Id. at 553. Here, however, there was no such intervening decision. Indeed, Mora was decided in 2006, or six years before our decision in Townsend I. Although declining to change the law of the case here might result in an erroneous outcome, it was a wholly avoidable one if Appellant had alerted the Townsend I court to its error in depriving Appellant of its statutory right to demand a new trial if the proposed remittitur was unacceptable.
We also reject Appellant’s argument that the $20 million remitted judgment violates federal due process. The trial court used a ratio of 1.85 to 1, which was squarely within the bounds established by Townsend I, in which this court held that a ratio of 1 to 1 was too low, but that a ratio of 3.7 to 1 was too high. 90 So.3d at 315-16. The ratio the trial court used was precisely in the middle of this range. See also R.J. Reynolds Tobacco Co. v. Martin, 53 So.3d 1060 (Fla. 1st DCA 2010), rev. denied, 67 So.3d 1050 (Fla.2011), rev. denied, — U.S. -, 132 S.Ct. 1794, 182 L.Ed.2d 617 (March 26, 2012) (affirming $25 million punitive damages award). As to Appellant’s contention that the proper benchmark for evaluating the reasonableness of the punitive damages award was the compensatory damages award after reduction for comparative fault, this argument is contrary to Townsend I which, in discussing the constitutional infirmity of the original punitive damages award, and discussing the permissible parameters of such an award, used the unreduced compensatory damages award as the proper benchmark. Townsend I, 90 So.3d at 314-15. Appellant did not challenge this benchmark in its motion for rehearing and, thus, it too became the law of the case.
For these reasons, we AFFIRM the remitted punitive damages award of $20 million.
LEWIS and MAKAR, JJ., concur.

. Engle v. Liggett Group, Inc., 945 So.2d 1246 (Fla.2006).

. Appellant also renewed, for preservation purposes, its argument in Townsend I that the compensatory damages award in this case was excessive, and that the trial court erred by allowing Appellee to use the Engle findings to establish essential elements of her claims. We affirm as to the former without further comment. The latter argument was recently rejected by our supreme court in Philip Morris, Inc. v. Douglas, 110 So.3d 419, (Fla.2012).