MARSTILLER, J.
This is the second appeal arising from a jury verdict and damages award in the wrongful death action brought by Appel-lee, Diane Webb (“Webb”), against Appellant, R.J. Reynolds Tobacco Company (“RJR”). Webb sued RJR for the death of her father, James Horner, from lung cancer,[1] and a jury awarded her $7.2 million in compensatory damages and $72 million in punitive damages. In R.J. Reynolds Tobacco Company v. Webb, 93 So.3d 831 (Fla. 1st DCA 2012), we vacated the damages award because “[t]he amount of the compensatory damages suggest[ed] an award that [was] the product of passion ... rather than evidence of [Mr. Horner’s] illness, subsequent death, and the noneconomic consequences of the death itself.” Id. at 339. We remanded to the trial court with directions to either grant RJR’s motion for remittitur, or hold a new trial on damages. Id. at 340.
Back in the lower court, Webb filed a motion to set the remitted award to $4 million in compensatory damages and $25 million in punitive damages. RJR responded with a renewed motion for remit-titur, seeking $250,000 or less in compensatory damages and $250,000 or less in punitive damages. The court entered an order styled, “Order of Remittitur or, Alternatively, for New Trial,” remitting damages to the amounts Webb requested, reducing the $4 million compensatory damages figure to $3.6 million based on the jury’s assigning Mr. Horner ten percent comparative fault. Importantly, the remittitur order stated, “Defendant, R.J. Reynolds Tobacco Company, is not entitled to a new trial on compensatory and punitive damages unless it is at the election of the Plaintiff” and gave Webb ten days to consent or object to the remittitur. (Emphasis added.) Webb consented, RJR objected, and the trial court entered an amended final judgment for a total $28.6 million in damages.
RJR appeals the amended judgment, arguing that the trial court erred as a matter of law by failing to hold a new trial on damages after RJR objected to the remitted damage amounts. We agree, and reverse.
Section 768.74, Florida Statutes, permits the trial court, upon a proper motion, to review damages awards “to determine if such amount is excessive or inadequate in light of the facts and circumstances which were presented to the trier of fact.” § 768.74(1), Fla. Stat. (2007). The statute further provides that “[i]f the party ad *264 versely affected by such remittitur or ad-ditur does not agree, the court shall order a new trial in the cause on the issue of damages only.” § 768.74(4), Fla. Stat. (2007) (emphasis added). From the emphasized statutory language, it would appear the question to be answered in this case is, who was the party adversely affected by the remittitur?
For guidance, we look to the Florida Supreme Court’s opinion in Waste Management, Inc. v. Mora, 940 So.2d 1105 (Fla.2006), in which the court considered identical language in section 768.043, Florida Statutes,[2] providing for remittitur or additur in damages actions arising out of the operation of vehicles. Pertinent to the scenario here, the supreme court stated:
Nor do we agree that only a party who receives “less in damages” can be affected by a remittitur, or only the party who has to pay more in damages can be affected by an additur. To the contrary, a defendant who has a jury award in an excessive amount of damages against the defendant can be a party adversely affected by a trial judge’s remittitur that is too little to cure the excessiveness. Similarly, a plaintiff who has a jury award for inadequate damages on the plaintiffs behalf is a part adversely affected by a trial judge’s additur that is too little to cure the inadequacy. In each case ... the party complaining about a continued excessiveness or inadequacy has the right to choose a new trial rather than the remittur or addi-tur.
Mora, 940 So.2d at 1108-9 (emphasis added). Notably, the supreme court also stated: “We recognize that our decision means that only when the parties agree with the trial court’s amount of remittitur or addi-tur will the remittitur or additur be enforced in lieu of a new trial.” Id. at 1109.
Relying on Mora, we conclude RJR was the “party adversely affected” under section 768.74(4) because it objected to the trial court’s remittitur. RJR therefore was entitled to a new trial on damages, and the trial court erred in conferring only on Webb the right to choose between accepting the remittitur and proceeding with a new trial. Accordingly, we reverse the amended final judgment, and remand this cause to the trial court to hold a new trial on damages.
REVERSED and REMANDED.
LEWIS, C.J., and OSTERBAUS, J., concur.

. Webb sued as a member of the class described in Engle v. Liggett Group, Inc., 945 So.2d 1246 (Fla.2006).

. Compare § 768.043(1), Fla. Stat., at issue in Mora ("If the party adversely affected by such remittitur or additur does not agree, the court shall order a new trial in the cause on the issue of damages."), and § 768.74(4), Fla. Stat., at issue in the instant case ("If the party adversely affected by such remittitur or addi-tur does not agree, the court shall order a new trial in the cause on the issue of damages only.").