IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

R. J. REYNOLDS TOBACCO
COMPANY,

        Appellant,

v.

DIANNE WEBB, PERSONAL
REPRESENTATIVE OF THE
ESTATE OF JAMES CAYCE
HORNER,

        Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-1291

_____/

Opinion filed March 21, 2016.

An appeal from the Circuit Court for Levy County.
Stanley H. Griffis, III, Judge.

Jeffrey L. Furr of King & Spalding, LLP, Charlotte, NC; William L. Durham, II, Valentin Leppert, Chad A. Peterson, Frank T. Bayuk, Phillip R. Green of King & Spalding, LLP, Atlanta, GA, Jeffrey A. Yarbrough, Robert B. Parrish, David C. Reeves of Moseley, Prichard, Parrish, Knight & Jones, Jacksonville, Stephanie E. Parker, John F. Yarber, John M. Walker of Jones Day, Atlanta, GA, for Appellant.

Mark A. Avera and Dawn M. Vallejos-Nichols of Avera & Smith, Gainesville; James W. Gustafson, Jr. of Searcy, Denney, Scarola, Barnhart & Shipley, P.A., Tallahassee; David J. Sales of David J. Sales, P.A., Jupiter; Steven Brannock, Celene H. Humphries, Tyler K. Pitchford of Brannock & Humphries, Tampa, for Appellee.

LEWIS, J.

In this <u>Engle</u>-progeny case,[1] Appellant, R.J. Reynolds Tobacco Company, challenges the trial court's Final Judgment for Resolution Funds and argues that because Appellee, Dianne Webb, as personal representative of the estate of her father, James Cayce Horner, was not entitled to collect the money damages awarded to her following the appeal of the initial final judgment, the parties' agreement as to attorney's fees is unenforceable. We agree with Appellant and, therefore, reverse.

Appellee filed a wrongful death action against Appellant, raising claims of strict liability, fraud by concealment, conspiracy to commit fraud by concealment, and negligence. In accordance with the jury's verdict, the trial court entered a Final Judgment ("2010 Final Judgment"), wherein it directed Appellant to pay Appellee $7,200,000 in compensatory damages and $72,000,000 in punitive damages, for a total sum of $79,200,000. Following the entry of the 2010 Final Judgment, Appellee filed Plaintiff's Motion to Tax Fees and Costs based on a proposal for settlement.

The parties entered into an attorney's fee agreement ("Agreement") on May 20, 2011, which set forth in part:

> WHEREAS, on November 10, 2009, Plaintiff filed a severed lawsuit against Defendant . . . .
>
> WHEREAS, on November 29, 2010, the trial court entered a judgment ("Final Judgment") against Defendant;

---

[1] <u>Engle v. Liggett Grp., Inc.</u>, 945 So. 2d 1246 (Fla. 2006).

2

WHEREAS, on December 17, 2010, Plaintiff filed a motion to recover taxable costs and attorney's fees she claims to have incurred in her prosecution of the Lawsuit ("Motion to Tax Fees and Costs");

WHEREAS, Plaintiff and Defendant desire to resolve Plaintiff's Motion to Tax Fees and Costs by stipulating to an agreed dollar amount of fees and costs that Plaintiff has incurred through the date of this agreement (the "Resolution Funds"), without affecting any applications for attorney's fees and costs arising for work performed after the date of this Agreement;

WHEREAS, on or about December 13, 2010, Defendant filed a notice of appeal to the First District Court of Appeal of the Final Judgment rendered in favor of Plaintiff in the Lawsuit . . . .

WHEREAS, Defendant expressly reserves its right to contest, through the Appeal or otherwise, the Final Judgment entered on November 29, 2010.

NOW THEREFORE, for and in consideration of the mutual obligations contained herein and other good and valuable consideration, the receipt and sufficiency of which Plaintiff and Defendant hereby acknowledge, Plaintiff and Defendant agree as follows:

1.      The recitations set forth above are true and correct and form a material inducement to the parties entering into this Agreement.

. . . .

3.      At the conclusion of the Appeal (as determined by date when the last appellate court to consider the Appeal has issued its mandate and such mandate is no longer subject to further appeal or review, including discretionary appellate review in Florida and/or federal courts), if the Final Judgment is reversed on appeal and the case is remanded for the entry of judgment in favor of any Defendant, then that Defendant shall have no liability to Plaintiff for payment of her fees and costs. **If Plaintiff is not entitled to collect money damages pursuant to the Final Judgment, and the Lawsuit is remanded for a new trial, this Agreement shall be of no further force and effect**

3

**and the parties will retain all rights and defenses each had prior to the date of this Agreement with respect to entitlement to, and amount of, attorney's fees and costs**.

4.    **At the conclusion of the Appeal . . . if and only if the Final Judgment is affirmed on appeal in a form that entitles Plaintiff to collect damages from Defendant by the court of last resort to which an appeal or review has been taken, then, if still liable to Plaintiff, Defendant shall pay or cause to be paid to Plaintiff . . . ($732,000.00) in fees, plus . . . ($233,000.00) in costs, for a total of . . . ($965,000.00) plus interest . . . .** These amounts will be due within fifteen (15) days from the date upon which the affirmance has become no longer subject to further appeal or review, including discretionary appellate review . . . . If payment of the Resolution Funds with applicable interest has not been made within fifteen (15) days after the date on which such affirmance has become no longer subject to further appeal or review, . . . Plaintiff shall be entitled to the immediate entry of a final judgment . . . upon the filing of a Motion and supporting Affidavit of Plaintiff's counsel to the effect that the Resolution Funds have not been paid within said fifteen (15) days, against Defendant for the Resolution Funds with interest; Defendant hereby waive[s] the right to appeal said final judgment. As detailed below, the Resolution Funds shall be in full and final satisfaction of any claims Plaintiff now has for attorney's fees and taxable costs against Defendant, arising out of the Lawsuit that Plaintiff has incurred through the date of this agreement. . . .

        . . . .

7.    Plaintiff and Defendant agree and acknowledge that this Agreement is the result of a compromise between them regarding the total dollar amount that Plaintiff has incurred through the date of this Agreement sought by Plaintiff pursuant to her Motion to Tax Fees and Costs through the date of this Agreement only, and shall not be construed as an admission by Defendant of any liability . . . .

8.    In consideration hereof, Plaintiff and her attorneys hereby irrevocably release and forever discharge Defendant and all its present, former, and/or future assigns, agents, parents . . . from and against any and all actions . . . that Plaintiff now has or may have had, or hereafter

4

claims to have, regarding or in any way related to the payment of attorney's fees and costs incurred by Plaintiff in the Lawsuit through the date of this Agreement. The foregoing shall not be construed as a release of any person or entity as to any of the obligations undertaken in this Agreement in connection with a breach thereof. Nor shall the foregoing in any way limit the Plaintiff's right to recover attorney's fees and costs **if the Final Judgment is reversed and/or this action must be re-tried for any reason**. In other words, in that event, the claims for fees and costs compromised by this Agreement shall remain in full force and effect as though this Agreement had never been executed.

. . . .

11. This Agreement may be amended only by a written instrument executed by the parties. . . .

12. Neither of the parties shall be considered the drafter of this Agreement or of any provision hereof for the purpose of any statute, case law, or rule of interpretation . . . .

13. Any inconsistency between this Agreement and the exhibit hereto shall be resolved in favor of this Agreement.

. . . .

17. The provisions set forth herein constitute the entire obligation of Defendant with respect to the payment of attorney's fees and costs that Plaintiff has incurred through the date of this Agreement in connection with the Lawsuit (**unless the Final Judgment is reversed and/or this action is retried for any reason**) and the exclusive means by which Plaintiff and Plaintiff's counsel may seek payment of fees and taxable costs that Plaintiff has incurred through the date of this agreement by Defendant in connection with attorney's fees and costs that Plaintiff has incurred in this Lawsuit through the date of this Agreement. . . .

(Emphasis added). Following the execution of the Agreement, Appellee filed

Plaintiff's Notice of Limited Withdrawal of Her Motion to Tax Fees and Costs with

5

Prejudice. Therein, she set forth in part that the withdrawal was pursuant to the parties' Agreement "resolving and agreeing to a total dollar amount of fees and costs that have been incurred to date . . . ."

In its appeal of the 2010 Final Judgment, Appellant argued for reversal on multiple grounds, two of which addressed the damages award. See R.J. Reynolds Tobacco Co. v. Webb, 93 So. 3d 331, 333 (Fla. 1st DCA 2012). We found that the amount of compensatory damages suggested an award that was the product of passion, and because we vacated the amount of compensatory damages, we vacated the award of punitive damages as well. Id. at 339. We did not "disturb the judgment as to liability," but we "reverse[d] both the compensatory and the punitive damage awards and remand[ed] the case with directions that the trial court grant the motion for remittitur or order a new trial on damages only." Id. at 332, 339. The 2010 Final Judgment was "affirm[ed] . . . in all other respects." Id. at 339.

On remand, the trial court entered an Order of Remittitur or, Alternatively, for New Trial. Appellee consented to the remitted judgment, and the trial court entered an amended final judgment in the amount of $28,600,000, which was comprised of both compensatory and punitive damages and which Appellant appealed. In R.J. Reynolds Tobacco Co. v. Webb, 130 So. 3d 262, 263 (Fla. 1st DCA 2013), we agreed with Appellant that the trial court erred as a matter of law in failing to hold a new trial on damages after Appellant objected to the remitted damages amount. We,

6

therefore, reversed and remanded for the trial court to hold a "new trial on damages." Id. at 264. In accordance with the jury's verdict on retrial, the trial court entered a 2014 final judgment wherein it ordered Appellant to pay Appellee $810,000 in compensatory damages and $450,000 in punitive damages, for a total of $1,260,000.

Appellee subsequently filed Plaintiff's Motion to Tax Attorneys' Fees and Costs, requesting fees pursuant to the Agreement. Following a hearing during which Appellant disputed Appellee's entitlement to fees, the trial court entered its Final Judgment for Resolution Funds, finding that Appellee was entitled to recover $965,000 along with interest from Appellant. Appellee moved to dismiss Appellant's appeal of the judgment on the basis that Appellant, pursuant to the language of the Agreement, waived the right to dispute the attorney's fee award. We denied Appellee's motion.

A trial court's interpretation of a contract is a matter of law and is subject to de novo review on appeal. Rose v. Steigleman, 32 So. 3d 644, 645 (Fla. 1st DCA 2010). The cardinal rule of contract interpretation is that when the language of a contract is clear and unambiguous, the contract must be interpreted and enforced in accordance with the plain meaning. Columbia Bank v. Columbia Developers, LLC, 127 So. 3d 670, 673 (Fla. 1st DCA 2013). Where there is "'an unambiguous contractual provision . . ., a trial court cannot give it any other meaning beyond that

expressed and must construe the provision in accord with its ordinary meaning.'" Razin v. A Milestone, LLC, 67 So. 3d 391, 396 (Fla. 2d DCA 2011) (citation omitted).

As they did below, both parties, although offering conflicting interpretations, argue that the Agreement is unambiguous. Based upon our review of the Agreement's plain language, we conclude that Appellee is not entitled to the attorney's fees set forth therein. The pertinent section of Paragraph 3, which Appellant relies upon, provides:

> If Plaintiff is not entitled to collect money damages pursuant to the Final Judgment, and the Lawsuit is remanded for a new trial, this Agreement shall be of no further force and effect and the parties will retain all rights and defenses each had prior to the date of this Agreement with respect to entitlement to, and amount of, attorney's fees and costs.

There is no question that the "Final Judgment" referred to in the Agreement was the 2010 Final Judgment given the Agreement's characterization of the November 29, 2010, judgment as the "Final Judgment." There is also no question, as Appellant contends, that not only was the case remanded for a new trial on damages following the initial appeal but the $1,260,000 that Appellee was ultimately awarded after two appeals and a second trial on damages was not awarded "pursuant to" the damages award contained within the 2010 Final Judgment. We agree with Appellant's interpretation of Paragraph 3 that the Agreement was only enforceable if Appellee was entitled to collect the money damages she was awarded in the 2010 Final

8

Judgment at the conclusion of the initial appeal. Because she was not, the Agreement is unenforceable.

Our interpretation of Paragraph 3 is supported by the language in Paragraph 4, which provides in part:

> At the conclusion of the Appeal . . . if and only if the Final Judgment is affirmed on appeal in a form that entitles Plaintiff to collect damages from Defendant by the court of last resort to which an appeal or review has been taken, then, if still liable to Plaintiff, Defendant shall pay or cause to be paid to Plaintiff . . . ($732,000.00) in fees, plus . . . ($233,000.00) in costs, for a total of . . . ($965,000.00) plus interest . . . . These amounts will be due within fifteen (15) days from the date upon which the affirmance has become no longer subject to further appeal or review, including discretionary appellate review . . . .

It is clear to us that the parties' focus, as reflected in both Paragraphs 3 and 4, was the effect the initial appeal would have on Appellee's entitlement to collect the money damages awarded within the 2010 Final Judgment. Contrary to Appellee's argument, our affirmance as to liability in the initial appeal did not entitle her to any of the damages awarded in that judgment.

Turning to Paragraphs 8 and 17, Paragraph 8 sets forth in part:

> The foregoing shall not be construed as a release of any person or entity as to any of the obligations undertaken in this Agreement in connection with a breach thereof. Nor shall the foregoing in any way limit the Plaintiff's right to recover attorney's fees and costs if the Final Judgment is reversed and/or this action must be re-tried for any reason. In other words, in that event, the claims for fees and costs compromised by this Agreement shall remain in full force and effect as though this Agreement had never been executed.

Paragraph 17 similarly provides in part that the Agreement's provisions "constitute

9

the entire obligation of Defendant with respect to the payment of attorney's fees and costs that Plaintiff has incurred through the date of this Agreement in connection with the Lawsuit (unless the Final Judgment is reversed and/or this action is retried for any reason) . . . ."

Appellee's assertion that a partial affirmance as to liability was sufficient for her to collect fees under the Agreement conflicts not only with Paragraphs 3 and 4 but also with Paragraphs 8 and 17. In light of the language "retried for any reason," we disagree with Appellee's interpretation that Paragraphs 8 and 17 contemplate a reversal as to both liability and damages. Given the fact that the 2010 Final Judgment was reversed as to damages and that the action was retried as to that issue and the fact that the damages Appellee ultimately received were not awarded pursuant to the 2010 Final Judgment, the trial court erred in ruling that Appellee was entitled to attorney's fees under the Agreement.

Accordingly, the Final Judgment for Resolution Funds is REVERSED.

WINOKUR, J., CONCURS; SWANSON, J., DISSENTS WITH OPINION.

SWANSON, J., dissenting.

I disagree that the parties' agreement as to attorney's fees was unenforceable following the appeal of the final judgment in R.J. Reynolds Tobacco Co. v. Webb, 93 So. 3d 331 (Fla. 1st DCA 2012), in which this court expressly held: "We do not disturb the final judgment as to liability, but we vacate the damages award and remand for further proceedings." Id. at 333. Given that the final judgment as to appellant's liability was not disturbed on appeal, it was undisputed that appellee was entitled to collect damages. The only question was the amount of those damages. Under these circumstances, the final judgment was not reversed on appeal so as to void appellant's obligation to pay attorney's fees under the parties' agreement. Accordingly, I would affirm the attorney's fee award.